187 So.2d 96 (1966)
W.R. LOVETT, Appellant,
v.
The CITY OF JACKSONVILLE BEACH, Florida, a Municipal Corporation, Appellee.
No. G-501.
District Court of Appeal of Florida. First District.
June 2, 1966.
*97 McCarthy, Adams & Foote, Jacksonville, for appellant.
Stephen Stratford, Greene, Greene & Kennelly, and Jack F. Wayman and Steven A. Werber, Jacksonville, for appellee.
STURGIS, Judge.
This is an appeal by W.R. Lovett who was owner of the reversionary fee of property acquired by the appellee city under chapter 73, Florida Statutes, 1963, F.S.A. The appellant seeks reversal of an order dated May 10, 1965, (1) apportioning among the several parties having interests in the property including appellant, the sum of $193,500.00 which was fixed by the jury and adjudged by the trial court to be the total compensation to be made for the condemned property, (2) fixing $15,900.00 as the amount of attorney's fees to be allowed for the services of the several attorneys representing the defendants in the cause and apportioning $6,400.00 thereof to the attorneys for appellant for their services in his behalf, and (3) requiring said attorney's fees and the costs of court (theretofore taxed) to be paid by the condemning authority directly to said attorneys without further order. In making said apportionment of compensation to the parties in interest, the court adopted the verdict of the jury which found that the amount to be paid to appellant W.R. Lovett for his reversionary interest in the fee was $165,000.00, and by way of an advisory verdict found that the amounts which would constitute just compensation to be paid to the several defendant tenants for their leasehold interests were as follows:

To William Doerr and
 Betty Doerr $8,000.00
To Stewart Bros. Pharmacy,
 Inc. $7,500.00
To Robert D. McNamara $8,000.00
To J.R. Newberry $5,000.00

On March 2, 1965, appellant filed a motion for new trial on sundry grounds, but the same was not disposed of prior to entry of the "Judgment" referred to in the next paragraph. It was formally denied by an order entered April 2, 1965, which order, as will be seen, was subsequent to certain motions of appellant filed March 19, 1965, and prior to the order appealed.
Consequent upon said jury verdict and prior to the order appealed, the trial court on March 17, 1965, entered an order captioned "Judgment" in which the jury verdict is quoted verbatim and by which the subject property was appropriated to the city in fee simple, conditioned upon payment of the amounts specified by the judgment, totaling $193,500.00. Appellant did not enter an appeal from said "Judgment" within the 60-day period from date thereof as allowed by the rules of practice, and asserts his right to prosecute this appeal from said order date May 10, 1965, on the premise that it, rather than the "Judgment" entered March 17, 1965, is in fact and in law the only final and appealable judgment in this cause.
Germane to our inquiry is the fact that on March 19, 1965, two days subsequent to the *98 entry of said "Judgment," appellant filed in the trial court motions as follows:
1. For an order distributing to him "his compensation for the taking of his property herein in accordance with the itemization of the total over-all compensation rendered by the Jury in its Verdict and pursuant to the Final Judgment entered herein," without prejudice to his separate motion of that date entitled "Motion to Alter or Amend Final Judgment."
2. For an order altering or amending the said "Judgment" of March 17, 1965 (described by the pleader as "the Final Judgment entered herein"), by increasing to $197,000.00 "the total compensation to be paid to all of the parties herein," and by increasing to $168,500.00 the compensation to be awarded to the movant. Said motion was based on the grounds: (a) that the verdict of the jury with respect to the compensation to be awarded movant was not supported by the evidence; (b) that the lowest evidence of value of his reversionary interest as owner of the fee was $168,500.00; and (c) that the verdict with respect to the total compensation awarded to him is less than the lowest value of his interest as adduced by the evidence at the trial of this cause.
3. For an order assessing a reasonable fee to be paid by the city for the services of movant's attorneys in this cause and "to tax same as an item of costs to be paid by the Petitioner [city] herein." (Prior to the order appealed, the parties holding leasehold interests had also moved the trial court to assess and tax as costs a reasonable fee to be paid by the condemning authority for the services of their respective attorneys in said proceedings.)
On April 2, 1965, the trial court denied appellant's said motion to alter or amend the final judgment of March 17, 1965.
On May 4, 1965, appellant filed in the trial court his petition to have the court determine his rights and the rights of all other parties in interest "in respect to the compensation heretofore awarded" to said parties in interest by the jury verdict in said cause and the judgment thereon. Pursuant thereto the trial court on May 10, 1965, entered the "Order" designated by appellant as the order appealed, by which it is provided:
"1. Pursuant to F.S. 73.12 [F.S.A.] the compensation awarded by the jury for the entire property taken in this proceeding, to-wit: the sum of $193,500.00 shall be apportioned among the interested parties in the following manner and amounts, to-wit:
"a. To the City of Jacksonville Beach, Florida, as ad valorem taxes for the year 1965, the sum of $746.10.
"b. To Duval County, Florida, for ad valorem taxes for the year 1965, the sum of $1,946.15.
"c. To W.R. Lovett the sum of $162,307.75.
"d. To William Doerr and Betty Doerr the sum of $8,000.00.
"e. To Robert D. McNamara the sum of $8,000.00.
"f. To Stewart Bros. Pharmacy, Inc. the sum of $7,500.00.
"g. To J.R. Newberry the sum of $5,000.00.
"2. The Clerk of this Court is hereby directed to disburse from the funds deposited in the registry of this Court by the Petitioner, to the Defendants designated in sub-paragraphs `a' through `g' of paragraph 1 above, the sums so apportioned to such Defendants respectively, without further Order of this Court, on May 18, 1965, if no Notice Of Appeal has been filed in this cause by any party to this suit prior to said date. Provided, however, the Clerk shall disburse to Defendant, W.R. Lovett, the sum provided in sub-paragraph `c' of paragraph 1 above only upon said Defendant, or his attorney, exhibiting to the Clerk paid receipts *99 from the City of Jacksonville Beach and Duval County, Florida, for ad valorem taxes for the year 1964.
"3. Pursuant to F.S. 73.16 [F.S.A.], the Court hereby assesses attorneys fees as reasonable compensation for the attorneys representing the Defendants herein in the total sum of $15,900.00, said total attorneys fees being apportioned in the following manner, to-wit:
"a. To McCarthy, Adams & Foote for that firm's representation of the Defendant, W.R. Lovett, the sum of $6,400.00.
"b. To Rogers, Towers, Bailey, Jones & Gay for that firm's representation of the Defendants, William Doerr and Betty Doerr, and Stewart Bros. Pharmacy, Inc., the sum of $4,900.00.
"c. To Jack F. Wayman for his representation of the Defendant, Robert D. McNamara, the sum of $4,600.00.
"4. The attorneys fees assessed and apportioned by the preceding paragraph hereof and the costs heretofore taxed herein on behalf of the respective Defendants shall be paid by the Petitioner on May 18, 1965, or within 5 days thereafter, directly to said attorneys without further Order."
Assuming we have jurisdiction to hear this appeal, to which question our first consideration will be devoted, the following points of law are presented for determination:
I. Whether the trial court erred in charging the jury that it should not determine the total compensation to be paid for the condemned property by the device of totaling the compensation to which each party in interest was entitled.
II. Whether the trial court erred in charging the jury that appellant's fee simple interest was "encumbered by the leases" on the subject property.
III. Whether the amount awarded to appellant is less than the minimum to which he was entitled under the evidence adduced at the trial.
IV. Whether the fee assessed as part of the costs to be paid by appellee for the services of appellant's counsel is inadequate.
Of primary consideration on any appeal is the question of the appellate court's jurisdiction. It abides throughout the appellate process and is subject to inquiry at any time at the instance of any interested party or of the court ex mero motu. Since it derives only from constitutional or statutory authority or in consequence of fundamental common-law principles, it cannot be conferred by stipulation or endowed by action of the court.
Appellee timely moved to dismiss this appeal on the grounds (a) that prior to appeal appellant collected the amount awarded to him by the final judgment herein, and (b) that appellant did not enter the appeal within the 60-day period allowed by the rules of practice (Rule 3.2, subd. b, Florida Appellate Rules, 31 F.S.A.). The motion was denied because one of appellant's assignments of error (No. 5) challenged the award of attorney's fees which were initially fixed by the order appealed, entered May 10, 1965, which date was less than 60 days from the date appellant filed notice of appeal to review that order. Appellant's remaining assignments of error, sixteen in number, relate to matters antedating and/or arising as an incident to the aforesaid "Judgment" entered March 17, 1965, which is not the designated subject of this appeal and was entered more than 60 days from the date appellant filed notice of this appeal. We must determine, therefore, whether this court is precluded from assuming jurisdiction to hear and determine the issues presented by assignments of error other than No. 5.
In light of the facts and circumstances of this case we hold that we have *100 jurisdiction to entertain this appeal to the extent that it involves the issue presented by assignment of error No. 5 which is addressed to matters first settled in the trial court by the order appealed of May 10, 1965. In that connection we hold that the only applicable assignment of error is No. 5. Said assignment is argued under Point IV of the briefs, viz.: THE ASSESSMENT OF ATTORNEY'S FEES IN FAVOR OF APPELLANT'S COUNSEL WAS INADEQUATE.
By the order appealed $15,900.00 was fixed as the total amount of attorney's fees to be paid for the combined services of the several attorneys respectively representing the parties defendant having interests in the subject property, and that sum was apportioned among said attorneys, allowing the largest fee ($6,400.00) to counsel for appellant who contends it is inadequate because, first, the amount apportioned to appellant's counsel is less than the amount to which he would be entitled if the apportionment of the total sum had been made on the ratio of value of the respective interests in the property as found by the jury and fixed by the judgment, and secondly, at the trial counsel for appellee acknowledged in a colloquy that the customary fee allowed in Duval County for services of defense counsel in such suits was 10% of the first $10,000.00 and 5% of the remainder of the amount awarded the property owner. Appellant contends that on the latter basis his counsel was entitled to a minimum fee of $8,750.00.
Opinion testimony is not binding upon the court or a jury in determining the amount of attorney's fees to be awarded in such proceedings, and the finding of the court or jury will not be disturbed unless the fees awarded are so inadequate as to require a new trial. State Road Department of Florida v. Cox, 118 So.2d 688 (Fla. App. 1960); Breitbart v. State Road Department of Florida, 116 So.2d 458 (Fla. App. 1959); Fekany v. State Road Department, 115 So.2d 418 (Fla.App. 1959). Appellant has not demonstrated error in the premises.
We hold that this appeal is not timely with respect to the issues finally adjudicated by the "Judgment" of March 17, 1965, hence it is unnecessary to discuss the remaining points of law involved. In deference to the parties, however, and recognizing that any further discussion is obiter, we deem it advisable to observe:
1. By Point I appellant contended that it was error for the trial court to charge the jury that it should not determine the total compensation to be paid for the condemned property by totaling the several amounts which it determined would constitute just compensation to the respective parties defendant having interests therein. It is clear that the error, if any, was harmless. The lowest value assigned by any witness for the property as a whole was $168,500.00, the highest $185,000.00. The verdict assigned values totaling $193,500.00 and the judgment entered March 17, 1965, affirmed that total. It is obvious that the error, if any, was to appellant's advantage. The jury by its verdict complied with the court's request that it render an advisory verdict as to the value of the interests of the several parties defendant. We find nothing to indicate that appellant suffered any detriment thereby. It is the law in this jurisdiction that the apportionment of the total award is to be made by the court in a supplemental proceeding without benefit of jury. Baldwin v. Miami Mercantile Center, Inc., 145 So.2d 881 (Fla.App. 1962); Parker v. Armstrong, 125 So.2d 138 (Fla.App. 1960); Rich v. Harper Neon Company, 124 So.2d 750 (Fla.App. 1960); Cravero v. Florida State Turnpike Authority, 91 So.2d 312 (Fla. 1956).
2. Appellant's Point II, supra, is without merit. Property subject to a lease is "encumbered" thereby. Black's Law Dictionary, Fourth Edition, defines encumbrance as "Any right to, or interest in, land which may subsist in another to the diminution *101 of its value, but consistent with the passing of the fee." Also see Gore v. General Properties Corporation, 149 Fla. 690, 6 So.2d 837, 141 A.L.R. 476 (1942); Shunk v. Fuller, 118 Kan. 682, 236 P. 449 (1925).
3. Appellant's Point III to the effect that the amount awarded to appellant is less than the minimum that would be justified by the evidence is without merit. The amount the evidence may "justify" the jury to conclude is just compensation is impertinent to the question of whether the amount actually fixed is within the confines of the evidence. While the verdict does exceed the highest value testified to for the property as a whole, the record sustains the jury's verdict with respect to the amount fixed as the value of appellant's interest.
4. Aside from the question of the timeliness of this appeal with respect to issues other than the sufficiency of the fee allowed for the services of appellant's attorneys, appellee McNamara (one of the tenants) by his brief herein cogently argues that appellant is estopped to maintain the appeal because it was on his application, which was devoid of any indication that an appeal was to be taken, that the court disbursed to appellant and his co-defendants the total amount of just compensation as indicated by the jury verdict and fixed by the "Judgment" of March 17, 1965; that by said procedure appellant lulled the appellee and the defendant tenants into believing that the amount thus fixed for appellant was acceptable to him, and that the defendant tenants would be placed in a position of disadvantage should a new trial be granted requiring them to relitigate the value of their interests. It is well settled that where a party recovering a judgment or decree voluntarily accepts the benefits thereof, he is estopped to seek reversal thereof by appeal. His conduct amounts to a release of errors. McMullen v. Fort Pierce Financing & Construction Co., 108 Fla. 492, 146 So. 567 (1933).
Affirmed.
PER CURIAM.
The foregoing opinion and judgment by STURGIS, J., prepared prior to his death on May 6, 1966, is hereby adopted as the opinion and judgment of this Court.
It is so ordered.
RAWLS, C.J., and WIGGINTON and JOHNSON, JJ., concur.