PER CURIAM.
Carlos Luis Obregon appeals his conviction of possession of cocaine and possession of drug paraphernalia. We affirm.
As to the first point on appeal, “A trial court has the inherent power to reconsider a ruling made on a motion to suppress, upon appropriate motion by either counsel, while that court has jurisdiction of the case. Savoie v. State, 422 So.2d 308, 312 (Fla.1982).” State v. Harvey, 573 So.2d 111, 113 (Fla. 2d DCA 1991). See generally Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1388 n. 2 (Fla. 3d DCA) review denied 494 So.2d 1153 (1986). The decision in Radeka v. State, 34 Fla.Supp.2d 59 (Fla. 9th Cir.Ct. 1989) is contrary to the foregoing authority and is not good law.
As to the second point, the search of the defendant’s vehicle was permissible under New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
As to the third and fourth points on appeal, we conclude that there was sufficient evidence to go to the jury on the charges of possession of cocaine and possession of drug paraphernalia. The motions for judgment of acquittal were properly denied.
As to point five, we find no error. Defense counsel objected to the use of element two in the Florida Standard Jury Instruction for possession of drug paraphernalia under subsection 893.147(1), Florida Statutes (1989). Element two of the Standard Jury Instruction states, “(Defendant) had knowledge of the presence of the drug paraphernalia.” Defendant urged that the instruction instead should follow the exact language of the statute. Element two was therefore replaced, at defendant’s request, with the instruction that defendant “used or possessed with the intent to use certain drug paraphernalia.”
On appeal the defense contends that it was fundamental error to give the instruction as requested. The defense now urges that the new phraseology should have been added to the existing element two of the *617 Standard Jury Instruction (“had knowledge of the presence of drug paraphernalia”).
Defendant’s position is without merit. In the first place, the defense specifically asserted that the “knowledge” portion of the instruction was in conflict with the statute[1] and that the instruction would be more precise if it used the exact language of the statute instead. It is evident that this request was a tactical choice on behalf of the defendant, since the special instruction arguably imposed a more stringent burden of proof on the State, at least in the factual circumstances of the present case. The instruction as given was, in our view, functionally equivalent to the Standard Jury Instruction and encompassed the necessary scienter element — the special instruction required actual use, or possession with the specific intent to use, the paraphernalia.
Affirmed.

. We express no opinion on whether there is any inconsistency between the instruction and the statute.