605 So.2d 865 (1992)
Arvin PELTZ, Petitioner,
v.
DISTRICT COURT OF APPEAL, THIRD DISTRICT, et al., Respondents.
No. 79543.
Supreme Court of Florida.
September 24, 1992.
Deborah Marks, North Miami, for petitioner.
Joseph P. Klapholz and Fred Hochsztein of Ilovitch, Manella & Klapholz, P.A., Hollywood, for respondents.
GRIMES, Judge.
This is a petition for prohibition which seeks to prevent the Third District Court of Appeal from considering an appeal. We have jurisdiction. Art. V, § 3(b)(7), Fla. Const.
On February 6, 1991, the circuit court entered an order on exceptions to general master's report. Arvin Peltz, acting pro se, filed a notice of appeal from this order on March 11, 1991. On March 15, 1991, the Third District Court of Appeal entered an order to show cause why the appeal should not be dismissed as untimely filed. Three days later, Suzanne Peltz served a notice of cross appeal which was filed on March 21, 1991. On April 1, 1991, Arvin Peltz served a notice of voluntary dismissal. The district court of appeal entered an order on April 12, 1991, accepting the voluntary dismissal but stating that the cross appeal would remain pending. On June 25, 1991, Arvin Peltz filed a motion to dismiss the cross appeal because of lack of subject-matter jurisdiction. This motion was denied. Thereafter, Arvin Peltz, through counsel, filed a renewed motion to dismiss *866 cross appeal. The appellate court also denied this motion and directed Arvin Peltz to file his brief by March 27, 1992.
The untimely filing of a notice of appeal precludes the appellate court from exercising jurisdiction. Hawks v. Walker, 409 So.2d 524 (Fla. 5th DCA 1982); Pitts v. State, 225 So.2d 352 (Fla. 1st DCA 1969). Further, subject-matter jurisdiction cannot be conferred by waiver or consent. Board of Trustees of Internal Improvement Trust Fund v. Mobil Oil Corp., 455 So.2d 412 (Fla. 2d DCA 1984), approved in part, quashed in part on other grounds, 492 So.2d 339 (Fla. 1986), cert. denied, 479 U.S. 1065, 107 S.Ct. 950, 93 L.Ed.2d 999 (1987); Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. State, 295 So.2d 314 (Fla. 1st DCA), cert. denied, 303 So.2d 644 (Fla. 1974). On the other hand, the time for filing a notice of cross appeal is not jurisdictional and may be extended by the appellate court. Agrico Chemical Co. v. Department of Environmental Regulation, 380 So.2d 503 (Fla. 2d DCA 1980); Brickell Bay Club Condominium Ass'n v. Forte, 379 So.2d 1334 (Fla. 3d DCA 1980).
Arvin Peltz's original notice of appeal was clearly untimely. While the notice of cross appeal was filed within ten days of the filing of the notice of appeal, it was not filed within thirty days of the order on exceptions to general master's report. Therefore, it could not provide an independent basis for jurisdiction. Moreover, because Arvin Peltz's original notice of appeal did not vest the appellate court with jurisdiction to proceed, there was no jurisdictional basis upon which the notice of cross appeal could be based.
The Third District Court of Appeal itself, while addressing the issue in a slightly different context in Breakstone v. Baron's of Surfside, Inc., 528 So.2d 437, 439 (Fla. 3d DCA 1988), explained:
This court's jurisdiction to entertain an appeal is invoked solely by the notice of appeal which must timely seek review of an appealable trial court order or orders. Hawks v. Walker, 409 So.2d 524 (Fla. 5th DCA 1982); Dibble v. Dibble, 377 So.2d 1001 (Fla. 3d DCA 1979); § 59.081(2), Fla. Stat. (1985). The notice of cross appeal, on the other hand, is not a jurisdiction-invoking document, but instead is in the nature of a cross assignment of error. See supra cases collected at note 1. It therefore follows that the cross appeal must necessarily "piggy back" jurisdictionally on the notice of appeal... .
This Court's prohibition power is properly invoked when it appears that a district court of appeal is about to act in excess of its jurisdiction. State ex rel. Cantera v. District Court of Appeal, Third District, 555 So.2d 360 (Fla. 1990); State ex rel. Sarasota County v. Boyer, 360 So.2d 388 (Fla. 1978). The Third District Court of Appeal has no jurisdiction to proceed in this case. Therefore, we grant prohibition.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.