753 So.2d 787 (2000)
Walter CRAPP, Appellant,
v.
CRIMINAL JUSTICE STANDARDS AND TRAINING COMMISSION, Appellee.
No. 3D00-247.
District Court of Appeal of Florida, Third District.
March 29, 2000.
Aaron R. Sobel, Miami Beach, for appellant.
Richard D. Courtemanche, Jr., Tallahassee, for appellee.
Before JORGENSON, GODERICH, and RAMIREZ, JJ.
RAMIREZ, J.

On Motion to Dismiss
The appellee, Criminal Justice Standards and Training Commission, has raised the timeliness of this appeal. For the reasons that follow, we dismiss the appeal.
The appellant, Walter Crapp, is seeking review of a final order from a lower administrative tribunal. Pursuant to rule 9.110(c), Florida Rules of Appellate Procedure, Crapp must file a notice of appeal within thirty days of rendition of the order to be reviewed. In this case, the order under review was filed on December 27, 1999. On January 25, 2000, Crapp filed a timely notice of appeal, but on January 26, 2000, he inexplicably withdrew his notice. On January 27, 2000, he refiled the notice of appeal, this time untimely. Crapp asks us to consider the refiled notice nunc pro tunc to January 25, 2000, but cites no authority for this procedure. We decline to do so and therefore dismiss the appeal.
An appellate court cannot exercise jurisdiction over a cause where a notice of appeal has not been timely filed. State ex rel. Cantera v. District Ct.App., Third Dist., 555 So.2d 360, 362 (Fla.1990)(citing Hawks v. Walker, 409 So.2d 524 (Fla. 5th DCA 1982) and Pitts v. State, 225 So.2d 352 (Fla. 1st DCA 1969)). The jurisdiction of a court is of primary consideration. It is a question that can be raised at any time by any interested party or by the court, because jurisdiction derives only from constitutional or statutory authority or in consequence of fundamental common-law principles. Lovett v. City of Jacksonville Beach, 187 So.2d 96, 99 (Fla. 1st DCA 1966). Thus, jurisdiction "cannot be conferred by stipulation or endowed by action of the court." Id.
Appeal dismissed.