826 So.2d 1022 (2001)
Charles GOODWIN and William Kemp, Petitioners,
v.
The STATE of Florida, Respondent.
Nos. 3D01-725, 3D01-724.
District Court of Appeal of Florida, Third District.
June 13, 2001.
Hersch & Talisman and Richard Hersch, Miami, for petitioners.
Robert A. Butterworth, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for respondent.
Before COPE, FLETCHER and SORONDO, JJ.
PER CURIAM.
Charles Goodwin and William Kemp petition this court for a writ of prohibition directing the circuit court to dismiss the State's appeal. Petitioners allege that the State failed to timely file a notice of appeal from a suppression order of the county court. We agree and grant prohibition.
Petitioners were each charged in county court with driving under the influence of alcoholic beverages, causing property damage. See § 316.193, Fla. Stat. (Supp.1998). Petitioners sought suppression of the breath test results. The county court granted the suppression motions.
Ten days after the filing of the orders with the clerk's office, the State filed motions for rehearing. One week later, the court denied the State's motions for rehearing. Fourteen days later (and thirty-one days after rendition of the order granting defendants' motions to suppress), the State filed its notices of appeal, thereby initiating an appeal to the circuit court.
Petitioners filed motions in the circuit court to dismiss the State's appeals as untimely in that the State failed to file the notices within fifteen days following rendition of the court's orders granting the motions to suppress. See Fla. R.App. P. 9.140(c)(3). The trial court denied petitioners' motions. The court reasoned that the time for filing the notices of appeal was tolled by the filing of the motions for rehearing. The petitioners then sought prohibition here.
Only an "authorized and timely" motion for rehearing can toll the period for filing a notice of appeal. Id. R. 9.020(h). The State concedes that the Florida Rules of Criminal Procedure do not "authorize" motions for rehearing directed to motions *1023 to suppress. The State nonetheless argues that the motions for rehearing were "authorized" pursuant to case law because a suppression order is an interlocutory ruling which can always be revisited by the court. Savoie v. State, 422 So.2d 308, 312 (Fla.1982)(determining that a trial court has the power to reconsider a ruling made on a motion to suppress upon motion by either party while the court has jurisdiction of the case); Obregon v. State, 601 So.2d 616, 616 (Fla. 3d DCA 1992)(same).
While it is true that the court has the power to reconsider an interlocutory ruling on a motion to suppress, this does not mean that the filing of such a motion tolls the time for filing an appeal. Wagner v. Bieley, Wagner & Assocs., Inc., 263 So.2d 1, 4 (Fla.1972). Under Rule 9.020(h), only an "authorized" motion suspends rendition of an order, and the rules do not authorize a motion for rehearing of an order on a motion to suppress. The appeals were untimely filed and must be dismissed.
Prohibition granted.