843 So.2d 363 (2003)
MIAMI-DADE COUNTY, Petitioner,
v.
Guy E. PEART and Lynett Peart, Respondent.
No. 3D03-903.
District Court of Appeal of Florida, Third District.
April 30, 2003.
Robert A. Ginsburg, Miami-Dade County Attorney, and Jeffrey P. Ehrlich, Assistant County Attorney, for petitioner.
Guy E. Peart and Lynett Peart, in proper persons.
*364 Before SCHWARTZ, C.J., and GODERICH, and WELLS, JJ.
PER CURIAM.
This is a petition for writ of prohibition which seeks to prevent the Eleventh Judicial Circuit Court Appellate Division from considering an appeal from a decision of an administrative hearing officer. Petitioner alleges that respondents failed to timely file a notice of appeal within the 30-day time limit prescribed in Florida Rule of Appellate Procedure 9.110(c). We agree and grant prohibition.
On May 13, 2002, an administrative hearing officer rendered a decision finding that respondents had illegally maintained a commercial vehicle. Respondents filed their notice of appeal in the circuit court on June 13, 2002. Because this notice was filed 31 days after the hearing officer rendered her decision (one day late), the County moved to dismiss the appeal for lack of jurisdiction. The circuit court, via a clerk's order, denied the County's motion without explanation.
We find that respondents' notice of appeal was untimely under Rule 9.110(c). See Crapp v. Criminal Justice Standards & Training Comm'n, 753 So.2d 787 (Fla. 3d DCA 2000) (finding that an appeal from a lower administrative tribunal was untimely where the notice of appeal was filed 2 days late); Hawks v. Walker, 409 So.2d 524, 525 (Fla. 5th DCA 1982) (finding that a notice of appeal filed two days late was untimely); State Dept. of Pollution Control v. Sebring Park Properties, Inc., 317 So.2d 772 (Fla. 2d DCA 1975) (finding untimely a notice of appeal that was filed one day late).
Under Rule 9.110, the "[f]ailure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect." First Nat'l Bank in Fort Myers v. Florida Unemployment Appeals Comm'n, 461 So.2d 208, 208 (Fla. 1st DCA 1984). Thus, the lower court should have dismissed Respondents' appeal. Id.; see also Crapp, 753 So.2d at 787 ("[a]n appellate court cannot exercise jurisdiction over a cause where a notice of appeal has not been timely filed"); Hawks, 409 So.2d at 525 ("late filing is a defect no one can correct, not even the court").
Because the circuit court did not dismiss Respondents' appeal as it should have, this court may exercise its prohibition power to prevent the lower court from exercising jurisdiction in this case. See Goodwin v. State, 826 So.2d 1022 (Fla. 3d DCA 2001); Peltz v. District Court of Appeal, Third Dist., 605 So.2d 865 (Fla.1992).
Prohibition granted.