939 So.2d 1144 (2006)
PATRICK RICE, Petitioner,
v.
CHARLES FREEMAN, Respondent.
Case No. 3D06-1737.
District Court of Appeal of Florida, Third District.
Opinion filed October 18, 2006.
Robin F. Frydman, for petitioner.
Charles Freeman, in proper person.
Before COPE, C.J., and WELLS, J., and SCHWARTZ, Senior Judge.
WELLS, Judge.
Patrick Rice petitions this court to issue a writ prohibiting the Eleventh Judicial Circuit Court Appellate Division from entertaining Charles Freeman's appeal from a County Court money judgment. We grant the petition but withhold issuance of a writ confident that the Appellate Division will comply with this opinion.
On November 7, 2005, a final money judgment in the amount of $2,555 was entered against Freeman in Rice's favor. Although that judgment was entered following a non-jury trial, at which both Rice and Freeman were in attendance, the judgment was inaccurately titled "DEFAULT FINAL JUDGMENT." This judgment was rendered on November 9 when it was filed with the clerk of the lower tribunal.[1] See Fla. R. App. P. 9.020(h) (defining rendition as "when a signed, written order is filed with the clerk of the lower tribunal" unless a timely authorized motion tolling rendition is filed).
On November 23, 2005, the County Court sua sponte entered a second final judgment, this one identical in all respects to the original November 7 judgment save the title which removed the inaccurate "default" moniker. On December 14, 2005, Freeman filed a notice of appeal from the "Corrected Final Judgment." However this notice did not timely invoke the jurisdiction of the appellate court.
"Under Rule 9.110, the `[f]ailure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect.'" Miami-Dade County v. Peart, 843 So. 2d 363, 364 (Fla. 3d DCA 2003) (quoting First Nat'l Bank in Fort Myers v. Florida Unemployment Appeals Comm'n, 461 So. 2d 208, 208 (Fla. 1st DCA 1984)); see Crapp v. Criminal Justice Standards & Training Comm'n, 753 So. 2d 787, 787 (Fla. 3d DCA 2000) (finding that an appeal from a lower administrative tribunal was untimely where the notice of appeal was filed 2 days late); Hawks v. Walker, 409 So. 2d 524, 525 (Fla. 5th DCA 1982) (finding that a notice of appeal filed two days late was untimely).
"Florida follows the majority rule that, where a judgment is amended in a material respect, the appeal time runs from the date of the amendment, provided the amendment is material, not minor or formal." DeGale v. Krongold, Bass & Todd, 773 So. 2d 630, 631-32 (Fla. 3d DCA 2000). Thus, as explained in St. Moritz Hotel v. Daughtry, 249 So. 2d 27, 28 (Fla. 1971) (quoting Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211-12 (1952)):
Only when the lower Court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew.
See Maxfly Aviation Inc. v. Capital Airlines Ltd., 843 So. 2d 973, 974 (Fla. 4th DCA 2003).
In this regard, "[t]he question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." St. Moritz Hotel, 249 So. 2d at 28. Here, the court's second order did no more than correct a clerical error  the title of the judgment  and in no manner changed the rights or obligations of the parties. Accordingly, the notice of appeal had to be filed within 30 days of rendition of the original judgment, on or before December 9, 2005. Because the notice of appeal was filed after that date, the Circuit Court lacks jurisdiction to consider the appeal at issue.
We thus grant the petition but withhold actual issuance of the writ, trusting it unnecessary in light of the statements made herein.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DISPOSED OF.
NOTES
[1] No post trial or post judgment motions were filed.