969 So.2d 1187 (2007)
CITY OF PALM BAY and City of Palm Bay Code, etc., Petitioner,
v.
PALM BAY GREENS, LLC, Respondent.
No. 5D07-1910.
District Court of Appeal of Florida, Fifth District.
December 7, 2007.
*1188 John K. Shubin, Juan J. Farach and Lucinda A. Hofmann, of Shubin & Bass, P.A., Miami, for Petitioner.
James P. Beadle, of Spira, Beadle & McGarrell, P.A., Palm Bay, for Respondent.
PER CURIAM.
The petitioners, City of Palm Bay ["City"] and City of Palm Bay Code Enforcement Board ["Board"] seek prohibition review of an appellate order of the circuit court denying the City and Board's motion to dismiss a petition for writ of certiorari in which the respondent, Palm Bay Greens, LLC ["Landowner"], seeks review of a decision of the Board finding the Landowner in violation of certain City code provisions. The prohibition petition asserts that the circuit court appeal was untimely filed.[1] We agree.
On July 12, 2006, the Board found the Landowner in violation of various provisions of the City code relating to maintenance of the property and ordered the Landowner to bring the property into compliance by August 11, 2006, (exterior maintenance and trash and debris removal) and September 10, 2006 (remaining violations). On July 19, 2006, the Landowner filed a motion for rehearing or, in the alternative, motion for clarification of this order. At its August 9, 2006, meeting, the Board voted to deny the Landowner's motion for rehearing. No written denial order was entered. However, at the landowner's request, the Board sent a letter to the Landowner on September 18, 2006, setting forth that the Board does not routinely enter written orders on such matters but confirming that the minutes of the Board's August 9, 2006, meeting reflect that the Board denied the rehearing motion.
On October 18, 2006, the Landowner filed a petition for writ of certiorari in the circuit court seeking review of the Board's order of violation, citing to the denial of its motion for rehearing and the Board's letter advising the Landowner of the denial of rehearing. The City moved to dismiss the Landowner's certiorari petition, asserting that the circuit court lacked jurisdiction to review the Board's July 12, 2006, *1189 order because the Landowner's motion for rehearing was not authorized and, therefore, did not toll the time to seek certiorari review. See Fla. R.App. P. 9.020(h). The circuit court held a hearing on the motion to dismiss and decided that the rendition date of the Board's original order was tolled until the date the Board sent the Landowner the letter informing the Landowner that the motion for rehearing was denied.[2] On February 7, 2007, the circuit court entered an order denying the City's motion to dismiss.
The City thereafter filed a motion for reconsideration of the denial order, citing Spradlin v. Town of North Redington Beach, 14 Fla. L. Weekly Supp. 215 (6th Jud. Cir. Pinellas Co. Nov. 16, 2006), in which the circuit court in its appellate capacity concluded that it lacked jurisdiction to review an order of a Code Enforcement Special Master where the Special Master considered an unauthorized motion for rehearing. The court in Spradlin relied on Rivers v. State, Department of Revenue, 508 So.2d 360, 361 (Fla. 2d DCA 1987), for the proposition that there is no statute, rule or code provision authorizing a motion for rehearing directed to a final agency action. The circuit court in Spradlin noted that no statute, rule or code provision tolled the time for rendition of the original order, and the fact that the Special Master exercised its inherent authority to reduce the fine did not change the unauthorized motion for rehearing into an authorized motion that would extend the time to seek an appeal. After conducting a hearing, the circuit court denied the City's motion for reconsideration.
Article V, section 5(b) of the Florida Constitution authorizes circuit court appellate jurisdiction for "direct review of administrative action prescribed by general law." Section 162.11, Florida Statutes, specifically authorizes appeals of final administrative orders of enforcement boards to the circuit court. To determine whether the circuit court is properly exercising appellate jurisdiction, the issue is whether the Board's order was subject to a motion for rehearing and, if so, whether the Landowner's motion for rehearing tolled the time in which to file an appeal. See Miami-Dade County v. Peart, 843 So.2d 363, 364 (Fla. 3d DCA 2003) (under Rule 9.110 failure to file notice of appeal within 30-day period constitutes "irremediable jurisdictional defect"). If the Landowner's motion for rehearing was authorized, the Landowner's certiorari petition was timely filed based on the date the Landowner was notified of the denial of the rehearing motion. If the motion for rehearing was not authorized, the certiorari petition was untimely.
The Landowner acknowledges that there is no specific rule or statutory authority for the rehearing or reconsideration of a local administrative agency decision, but urges that the local agency, here the Board, had the inherent power and authority to rehear and reconsider a previously entered order. The Landowner relies on Mills v. Laris Painting Co., 125 So.2d 745 (Fla.1960), for the proposition that administrative agencies have the inherent or implied power to rehear or reopen a cause where the proceeding is essentially a judicial one.
The City argues that while the Board had the inherent authority to rehear or reconsider its decision, it had to exercise that authority before the period in which to seek an appeal expired. When the Board declined to alter its decision by *1190 denying the rehearing motion on August 9, 2006, the Landowner had three days left in which to commence an appeal.
In Rutledge v. County of Hillsborough, 2005 WL 2416976 (Fla. 13th Cir.Ct. Sept. 2, 2005), cited by the Landowner, the circuit court in its appellate capacity rejected an appellee's argument that a notice of appeal filed after the denial of a motion for rehearing of a Code Enforcement Board order was untimely. In Rutledge, the County Code Enforcement Board on January 22, 2004, entered an order imposing a fine for code violations. The order gave the landowners until March 16, 2004, to correct the violations. Subsequently, the Board filed a lien and imposed fines retroactive to March 16, 2004. The Board then entered an order on August 2, 2004, imposing a $13,300 fine and lien on the landowners' property. The landowners filed a request for a reduction in the fines. The Board treated this request as a motion for rehearing and denied the request on September 22, 2004. The landowners then filed a notice of appeal in the circuit court on October 22, 2004. On appeal, the County argued, inter alia, that the notice of appeal was untimely as to the original January 22, 2004, order. The circuit court determined that the January 22, 2004, order was not a final agency action and that the action was not final until the August 2, 2004, order was entered. Without discussion, the circuit court held that the finality of the August 2, 2004, order was tolled by the filing of the landowners' "motion for rehearing." Therefore, the circuit court held that the notice of appeal was timely.
We think Spradlin is correct. A motion can suspend rendition of an order only if the motion is authorized under the rules governing the proceeding in which the order was entered. See Fla. R.App. P. 9.020(h); Nationwide Ins. Co. v. Forrest, 682 So.2d 672 (Fla. 4th DCA 1996). A motion for rehearing does not suspend rendition of an administrative order because rehearing is not authorized in administrative proceedings. See Systems Mgmt. Assoc., Inc. v. State, Dep't of H.R.S., 391 So.2d 688 (Fla. 1st DCA 1980) (appeal of order of Division of Administrative Hearings hearing officer dismissed as untimely because motion for reconsideration directed to administrative hearing was unauthorized and did not toll rendition of original order); Taylor v. Dep't of Prof. Reg. Bd. of Medical Examiners, 520 So.2d 557, 560 (Fla.1988) (administrative agency exercising its quasi-judicial power has inherent authority to change or modify final order within reasonable time but only for the purpose of correcting clerical errors or inadvertent mistake, and does not allow tolling of time as motion for rehearing); PHILIP J. PADOVANO, FLORIDA APPELLATE PRACTICE, § 2.4 (2005).
The Landowner's argument that the Board's inherent authority to reconsider the original order authorized the motion for rehearing is unpersuasive. A lower "tribunal's" inherent authority to reconsider an order does not transform a motion for rehearing into the kind of motion that suspends rendition. Only an "authorized and timely" motion for rehearing can toll the period for filing a notice of appeal. While a lower tribunal may have the power to reconsider an order, the filing of an unauthorized rehearing motion will not toll the time for filing an appeal. See Goodwin v. State, 826 So.2d 1022 (Fla. 3d DCA 2001).
The City is entitled to prohibition relief. We herewith issue the writ.
WRIT GRANTED.
PALMER, C.J., GRIFFIN and LAWSON, JJ., concur.
NOTES
[1] Prohibition is the appropriate remedy to prevent a lower tribunal from improperly exercising jurisdiction. See Rice v. Freeman, 939 So.2d 1144 (Fla. 3d DCA 2006) (Prohibition review of circuit court appellate jurisdiction to review untimely appeal of county court order); Miami-Dade County v. Peart, 843 So.2d 363 (Fla. 3d DCA 2003) (Prohibition granted prohibiting circuit court appellate division from considering untimely appeal from decision of administrative hearing officer); Goodwin v. State, 826 So.2d 1022 (Fla. 3d DCA 2001) (Prohibition granted directing circuit court to dismiss untimely appeal). See also Peltz v. District Court of Appeal, Third District, 605 So.2d 865 (Fla.1992) (Prohibition power exercised by supreme court to prevent DCA from considering untimely appeal).
[2] The circuit court also decided that certiorari was not the appropriate remedy and that the Landowner's petition should be treated as a direct appeal. See Sarasota Co. v. Bow Point on Gulf Condo. Developers, LLC, 32 Fla. L. Weekly D2551, ___ So.2d ___, 2007 WL 3120415 (Fla. 2d DCA Oct. 26, 2007).