977 So.2d 697 (2008)
Felecia SUELTER, Appellant,
v.
STATE of Florida, DEPARTMENT OF MANAGEMENT SERVICES, DIVISION OF RETIREMENT, Appellee.
No. 1D07-4929.
District Court of Appeal of Florida, First District.
March 18, 2008.
Neil L. Henrichsen and Heather M. Collins, Jacksonville, Florida, for Appellant.
Elizabeth R. Stevens, for Appellee.
PER CURIAM.
The appellant filed this appeal on September 24, 2007, seeking review of an administrative order dismissing her petition, which had been entered and filed with the agency on August 14, 2007. This administrative order brought an end to the administrative adjudicative process and is a final agency order. Hill v. Div. Of Retirement, 687 So.2d 1376, 1377 (Fla. 1st DCA 1997). However, because the appeal was not filed within 30 days of the date the order was rendered, the notice of appeal did not timely invoke this Court's jurisdiction.
The appellant argues that rendition of the order on appeal was delayed by her "Motion for Reconsideration and to Set Aside Order on Respondent's Motion for Dismissal," which had been served on August 17, 2007. However, the Agency has not promulgated a rule authorizing motions that delay rendition of its orders and has chosen instead to prohibit the use of such motions. See Fla. Admin. Code R. 60R-1.0061(3), (4). Cf. Fla. Admin. Code *698 R. 25-22.060 (authorizing motions for reconsideration in proceedings before the Public Service Commission). The appellant's assertion that the Agency has inherent authority to consider her motion does not transform the motion into a motion that delays rendition. See City of Palm Bay v. Palm Bay Greens, LLC, 969 So.2d 1187 (Fla. 5th DCA 2007) (rejecting argument that administrative agency's inherent authority to reconsider its orders transforms an unauthorized motion for rehearing into a motion that delays rendition). We reject the appellant's argument that equitable tolling applies without further comment.
Accordingly, this Court lacks jurisdiction to consider the merits of this appeal.
DISMISSED.
WEBSTER, BENTON, and POLSTON, JJ, concur.