PER CURIAM.
 

 On April 30, 2008, appellant Donald Martin Bramblett filed a notice of appeal seeking i*eview of the trial court’s “Order Dismissing Motion for Rehearing.” Because an order denying rehearing due to untimeliness is not an appealable order under rule 9.130(4), Florida Rules of Appellate Procedure, this court issued an order on July 7, 2008, directing the Appellant to show cause why the appeal should not be dismissed. Appellant responded, and this court issued an order August 4, 2008, directing Appellant to amend his notice of appeal to indicate that he sought review of the final oi’der entered August 16, 2007, denying the writ of habeas corpus. The briefing schedule proceeded and is now complete.
 

 This coui’t’s jui’isdiction may be ‘Taised at any time ... because jurisdiction derives only from constitutional or statutory authority or in consequence of fundamental common-law principles.”
 
 Crapp v. Criminal Justice Standards & Training Comm’n,
 
 753 So.2d 787 (Fla. 3d DCA 2000). “[Jjurisdiction ‘cannot be con-fen-ed by stipulation or endowed by action of the court.’ ”
 
 Id.,
 
 (quoting
 
 Lovett v. City of Jacksonville Beach,
 
 187 So.2d 96, 99 (Fla. 1st DCA 1966)). Because this court is constrained to act only within its established jurisdiction, the coui't l’ecedes from the portions of the order issued on August 4, 2008, determining that rendition of the final order was delayed, and concludes that the notice of appeal, as amended, was ineffective to confer jurisdiction on this coui’t to review the final order denying habeas corpus. Accordingly, we dismiss the appeal.
 
 Dale v. State,
 
 981 So.2d 1222 (Fla. 1st DCA 2008).
 

 The final order denying the writ of habeas corpus was entered by the circuit court on August 16, 2007, and Appellant/Petitioner’s motion for rehearing of that final order was placed in the hands of prison officials for mailing on August 30, 2007 (14 days after entry of the final order). Only timely motions for rehearing toll the rendition of the final order for purposes of the thirty-day time limit to commence an appeal of the final order. Fla. R.App. P. 9.020(h)(1) & 9.110(b). Under rule 1.530(b), Florida Rules of Civil Procedure, motions for rehearing must be filed within ten days of the date of filing the judgment. The trial court applied rule 1.530, and dismissed the motion for rehearing as untimely on April 15, 2008.
 
 *841
 
 Appellant s original notice of appeal was filed on April 30, 2008, over 8 months after entry of the final order.
 

 The proceedings in the circuit court were not appellate in nature. Nowhere in the initial pleading did Appellant/Petitioner seek recalculation of a parole date, compliance with due process in administrative proceedings, or any other review of final agency action. The relief Petitioner sought in the circuit court action was “that his 42 year old robbery conviction be ‘terminated’ and this court order ‘immediate release’ from incarcerated position and/or any other relief this court deems appropriate.” Because no quasi-judicial administrative action was at issue, the rules of civil procedure, including the requirement that motions for rehearing be filed within ten days of the date of the entry of the order to be reheard, applied.
 
 Surratt v. Freeman,
 
 924 So.2d 905 (Fla. 1st DCA 2006).
 

 Appellant’s subsequent amendment of the notice of appeal substituting the final order as the order to be reviewed did not remedy the untimeliness of the notice of appeal or confer jurisdiction upon this court. “Failure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect. See Comm. Notes to Florida Rule of Appellate Procedure 9.110.”
 
 First Nat’l Bank in Fort Myers v. Florida Unemployment Appeals Commit,
 
 461 So.2d 208 (Fla. 1st DCA 1984)(reference to committee notes to 1977 amendment of Rule 9.110);
 
 David M. Dresdner, M.D., P.A. v. Chanter Oak Fire Ins. Co.,
 
 972 So.2d 275 (Fla. 2d DCA 2008). Late filing of the notice of appeal “is a defect no one can correct, not even the court.”
 
 Hawks v. Walker,
 
 409 So.2d 524, 525 (Fla. 5th DCA 1982).
 

 Because the habeas corpus proceedings in the circuit court did not seek an appellate remedy, the rules of civil procedure applied and the motion for rehearing was untimely. Rendition of the final order was not tolled by the filing of the untimely motion for rehearing, and the notice of appeal was thus untimely.
 

 Accordingly, this appeal is DISMISSED.
 

 KAHN, DAVIS, and CLARK, JJ., concur.