PER CURIAM.
Upon consideration of the Motion to Dismiss, as adopted by appellees Heather Mclnnis and Paula Ash, as well as the appellant’s response thereto, the Court has determined that the notice of appeal failed to timely invoke its jurisdiction.
The orders on appeal were rendered on May 28, 2010, when the lower tribunal denied the appellant’s timely served motions for rehearing. Fla. RApp. P. 9.020(h). The appellant’s notice of appeal was filed more than 30 days later on August 4, 2010. Although the lower tribunal apparently intended to provide the appellant additional time to initiate the appeal, *548 Florida Rule of Civil Procedure 1.090(b) expressly prohibits the court from extending the time for taking an appeal. The filing of a notice of appeal is jurisdictional. Florida courts are required to dismiss an appellate proceeding if it was not initiated within the applicable time limit. See Miami-Dade County v. Peart, 843 So.2d 363 (Fla. 3d DCA 2003).
Accordingly, the Motion to Dismiss is granted and the appeal is DISMISSED for lack of jurisdiction. Any remedy the appellant may have lies with the lower tribunal. Cf. Snelson v. Snelson, 440 So.2d 477 (Fla. 5th DCA 1983); Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971).
WOLF, ROBERTS and WETHERELL, JJ., concur.