RAY, J.,
concurring.
I concur in the result of the majority’s opinion and write to address what I believe to be the nature of the jurisdiction at issue. Appellant contends that the trial court lacked subject matter jurisdiction to enter the order on review. Appellee asserts that Appellant is estopped from challenging the trial court’s jurisdiction because Appellant sought the ruling from the trial court in the first place. Although the type of authority at issue is not properly designated subject matter jurisdiction, precedent from this Court leads me to conclude that the jurisdictional defect invalidates the order despite Appellant’s role in procuring it.
When the trial court entered the order on appeal, it was acting on a motion Appellant styled as one seeking clarification of a final judgment of foreclosure. As the majority opinion indicates, the motion was filed beyond the time for filing a motion for rehearing or clarification and beyond the time for filing a notice of appeal. Although the timing of this motion deprived the trial court of jurisdiction to consider it, the motion did not — and could not — deprive the court of subject matter jurisdiction.
Subject matter jurisdiction is a court’s constitutional or statutory power “to deal with a class of cases to which a particular case belongs,” Paulucci v. Gen. Dynamics Corp., 842 So.2d 797, 801 n. 3 (Fla.2003), and a challenge to such jurisdiction cannot be waived, Tabb ex rel. Tabb v. Fla. Birth-Related Neurological Injury Compensation Ass’n, 880 So.2d 1253, 1256 (Fla. 1st DCA 2004). There is no doubt that a *321 circuit court has subject matter jurisdiction over the type of foreclosure action in this case. Art. V, § 5(b), Fla. Const.; §§ 26.012(2)(a), (c), (g), 34.01(1)(c), Fla. Stat. (2010); Alexdex Corp. v. Naehon Enters., Inc., 641 So.2d 858, 862 (Fla.1994). Thus, subject matter jurisdiction was not absent below.
The type of jurisdiction the court lacked was its “power ... over a particular case that is within its subject matter jurisdiction,” as determined by reference to the case’s procedural posture. See T.D. v. K.D., 747 So.2d 456, 457 n. 2 (Fla. 4th DCA 1999). This species of jurisdiction is termed “case jurisdiction” or “continuing jurisdiction” by some courts.[1] It has also been referred to as “procedural jurisdiction,” meaning a court’s authority to act in a particular case.[2] While lack of subject matter jurisdiction renders a judgment or order of a court void ab initio, lack of case jurisdiction should merely render the court’s act voidable, and under appropriate circumstances, subject to consent, waiver, or estoppel. While at least one district court has held that certain defects of procedural jurisdiction are waivable,[3] precedent from this Court requires us to hold that the type of jurisdictional challenge presented in this case cannot be waived and may be raised for the first time on appeal. See Wilson v. State, 487 So.2d 1130, 1130-31 (Fla. 1st DCA 1986) (rejecting the argument that a criminal defendant who had requested modification of his sentence was estopped from challenging the trial court’s jurisdiction to modify his sentence because the modification occurred after the trial court lost jurisdiction to entertain the defendant’s motion); Miller v. State, 134 So.2d 513, 515 (Fla. 1st DCA 1961) (holding that the late-filing of a motion for new trial is “jurisdictional and not merely procedural,” such that the trial court had no discretion to relieve the criminal defendant of the associated deadline); cf. Bramblett v. State, 15 So.3d 839, 840 (Fla. 1st DCA 2009) (holding that the Court’s lack of jurisdiction over an untimely appeal is an issue that may be raised at any time and that such a lack of jurisdiction is “a defect no one can correct”) (quoting Hawks v. Walker, 409 So.2d 524, 525 (Fla. 5th DCA 1982)). Bound by this precedent, I concur in the result of the majority opinion.
BENTON, C.J., ROWE, J., concur, and RAY, J., concurs with Opinion.

. E.g., Paulucci, 842 So.2d at 801 n. 3; T.D., 747 So.2d at 457 n. 2; ATM Ltd. v. Caporicci Footwear Ltd., Corp., 867 So.2d 413, 413 (Fla. 3d DCA 2003); Tobkin v. State, 777 So.2d 1160, 1163 (Fla. 4th DCA 2001).

. In Florida’s Third Species of Jurisdiction, 82 Fla. Bar J. 11, 13 (March 2008), Judge Scott Stephens explains "procedural jurisdiction” as follows:
Procedural jurisdiction has nothing to do with the scope of the court’s constitutional or statutory power, or the status of the parties. Instead, it is a matter of compliance with applicable procedural principles, some codified in rules, but more often products of case law. These principles can correctly be characterized as "jurisdictional,” in that they address a particular court’s authority to proceed in a specific direction at a defined time. Even when a court has subject matter jurisdiction and personal jurisdiction — hence the power to proceed— the procedural equivalents of traffic signals regulate when it is permissible to proceed.

. MCR Funding v. CMG Funding Corp., 771 So.2d 32, 35 (Fla. 4th DCA 2000).