# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2334
Lower Tribunal No. 14-3278
_____

## Gold King Apartments, LLC,
Appellant,

vs.

## Paul Dumornay, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Gill S. Freeman, Judge.

Pomeranz & Associates, P.A., and Mark L. Pomeranz (Hallandale), for appellant.

Legal Services of Greater Miami, Inc., and Evian L. White and Jeffrey M. Hearne; Charles F. Elsesser, Jr. and Meena Jagannath; Hernandez Lee Martinez, LLC and Eric Hernandez, for appellees.

Before WELLS, LAGOA, and SCALES, JJ.

LAGOA, J.

We dismiss the instant appeal for lack of jurisdiction. On July 10, 2014, the

trial court entered a final judgment for sanctions against the appellant, Gold King

Apartments, LLC ("Gold King"), and its counsel, Pomeranz & Associates, P.A. Gold King did not appeal from the final judgment. Instead, on August 15, 2014, Gold King filed a motion in the trial court requesting that the trial court re-enter judgment. The trial court granted Gold King's motion, and on September 18, 2014, entered an amended final judgment. The amended final judgment simply re-stated the amount of sanctions as set forth in the final judgment, and made no changes from the final judgment. Gold King filed a notice of appeal from the amended final judgment on September 29, 2014.

It is established that where there is no material change between an original final judgment and an amended final judgment, there is no impact on the finality of the original final judgment for purposes of appeal. See Rice v. Freeman, 939 So. 2d 1144 (Fla. 3d DCA 2006); see also Churchville v. Ocean Grove R.V. Sales, Inc., 876 So. 2d 649, 651 (Fla. 1st DCA 2004) ("An amendment or modification of an order or judgment in an immaterial, insubstantial way does not restart the clock to file an appeal."); Wetherington v. Minch, 637 So. 2d 967 (Fla. 5th DCA 1994). Because Gold King filed its notice of appeal more than thirty days after the rendition of the original final judgment, this Court is without jurisdiction to consider the appeal. See Rice, 939 So. 2d at 1145.

Accordingly, we dismiss this untimely-filed appeal for lack of jurisdiction.

APPEAL DISMISSED.