DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**OSCAR ACEVEDO,**
Appellee.

No. 4D21-3218

[January 4, 2023]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 18-007309CF10A.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellant.

Jeremy J. Kroll of Dutko & Kroll, P.A., Fort Lauderdale, for appellee.

**ON MOTION FOR REHEARING OF ORDER DISMISSING CASE**

KUNTZ, J.

On October 11, 2022, we sua sponte dismissed the State's appeal "for lack of jurisdiction because the notice of appeal was not timely filed." The dismissal order cited Florida Rule of Appellate Procedure 9.140(c)(2), and quoted *Goodwin v. State*, 826 So. 2d 1022, 1023 (Fla. 3d DCA 2001) ("While it is true that the court has the power to reconsider an interlocutory ruling on a motion to suppress, this does not mean that the filing of such a motion tolls the time for filing an appeal.").

The State moves for rehearing based on Florida Rule of Criminal Procedure 3.192. Rule 3.192 states, in pertinent part:

> When an appeal by the state is authorized by Florida Rule of Appellate Procedure 9.140, or sections 924.07 or 924.071, Florida Statutes, the state may file a motion for rehearing within 10 days of an order subject to appellate review. A motion for rehearing shall state with particularity the points

of law or fact that, in the opinion of the state, the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding . . . A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered upon the filing of a signed, written order denying the motion for rehearing.

Fla. R. Crim. P. 3.192.

Based on Rule 3.192, our reliance on *Goodwin v. State*, 826 So. 2d 1022, 1023 (Fla. 3d DCA 2001), was misplaced. Rule 3.192, enacted after *Goodwin* was issued, allows the State to move for rehearing and the State's motion tolled rendition of the order appealed. As a result, we grant the State's motion for rehearing and vacate our dismissal order. This appeal will be assigned to a merits panel for disposition.

*Order vacated and appeal reinstated.*

CONNER and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2