DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOSEPH BRET TAYLOR,

Appellant,

v.

ERIN JEAN CARLSON f/k/a ERIN CARLSON TAYLOR,

Appellee.

No. 2D2024-1640

_____

April 11, 2025

Appeal from the Circuit Court for Manatee County; Kevin R. Bruning,
Judge.

Joseph Bret Taylor, pro se.

No appearance for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

This court entered an order directing Joseph Taylor to show cause
why this appeal should not be dismissed for lack of jurisdiction. After
considering Taylor's response and upon our own de novo review, we
conclude that we lack jurisdiction.

On December 5, 2023, the trial court approved the general
magistrate's recommendation on child support and entered judgment
accordingly. Taylor timely moved to vacate that judgment pursuant to
Florida Family Law Rule of Procedure 12.490(e)(3), which tolled rendition
of the judgment. See Fla. R. App. P. 9.020(h)(1)(L). In this context,

Taylor's motion to vacate was tantamount to a motion for rehearing. *See* Fla. Fam. L. R. P. 12.490(e)(4) ("If applicable, a motion to vacate operates as a motion for rehearing under rule 12.530.").

The trial court denied Taylor's motion to vacate on May 28, 2024. But instead of filing a notice of appeal within thirty days of that denial, Taylor moved for reconsideration. Unfortunately for Taylor, his motion for reconsideration was, at best, a successive motion for rehearing, which, unlike his first motion for rehearing, did not toll rendition of the December 5 judgment. *See Colvin v. Longoria*, 358 So. 3d 1273, 1273–74 (Fla. 2d DCA 2023) ("To the extent the court's August 28 order was a final order, Colvin's first motion for rehearing tolled rendition until September 2, 2022, but Colvin did not file her notice of appeal until October 18, 2022. Her successive motions for rehearing were both unauthorized and failed to further toll rendition."). And because Taylor did not file his notice of appeal until July 15, 2024, we have no choice but to dismiss his appeal. *See Peltz v. Dist. Ct. of Appeal, Third Dist.*, 605 So. 2d 865, 866 (Fla. 1992) ("The untimely filing of a notice of appeal precludes the appellate court from exercising jurisdiction." (citing collected cases)).

Dismissed.

KELLY and VILLANTI, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.

2