HOBSON, Acting Chief Judge.
Petitioner City of Lake Wales seeks review of two final administrative orders rendered by the Public Employees Relations Commission (PERC). Order No. 80E-153 (case No. 80-1491) defined the appropriate unit of employees of the City’s police department for collective bargaining, directed an election in that unit, and designated managerial/confidential employees. In that order, PERC held that shift command sergeants and the supervisory detective sergeant were neither managerial nor confidential, nor were they “conflict supervisors” and must, therefore, be included in the bargaining unit. Order No. 509 (case No. 80-1837) verified the results of the election and certified the Hillsborough County Police Benevolent Association as the exclusive *1225 bargaining representative. We affirm both orders.
This court is required by the provisions of section 120.68(7), Florida Statutes, to deal separately with issues of agency procedure, interpretations of law and determinations of fact. Further, we are not permitted to substitute our judgment for that of the agency as to the weight of the evidence on any disputed finding of fact. § 120.68(10). We restate these well-known rules of judicial review to emphasize that regardless of whether we agree with the final agency actions, we are statutorily prevented from changing the outcome where substantial, competent evidence supports the findings of fact and the agency correctly applied the statutory criteria, section 447.203(4), (5), Florida Statutes, to those facts.
In many respects PERC’s designation seems to ignore the operational and managerial philosophy that exists in the Lake Wales Police Department. Yet, there is some evidentiary support for the hearing officer’s findings of fact, and we cannot say that PERC misapplied the law to these findings.
Therefore, we deny the petitions for review.
GRIMES and OTT, JJ., concur.