455 So.2d 1101 (1984)
TALL TREES CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
DIVISION OF FLORIDA LAND SALES AND CONDOMINIUMS, Appellee.
No. 83-2474.
District Court of Appeal of Florida, Third District.
September 18, 1984.
*1102 Joseph C. Segor, Miami, for appellant.
Karl M. Scheuerman, Tallahassee, for appellee.
Before SCHWARTZ, C.J., HUBBART, J., and SHARP, WINIFRED J., Associate Judge.
SHARP, WINIFRED J., Associate Judge.
Tall Trees Condominium Association, Inc. appeals from a final order of the Division of Florida Land Sales and Condominiums ("Division"), finding that appellant violated section 718.111(7), Florida Statutes (1983), and assessing a civil penalty of $5,000.00. We have jurisdiction pursuant to section 120.68, Florida Statutes (1983), and reverse.
This cause of action stems from a complaint filed with the Division by a unit owner in appellant's condominium development. As a result of misinformation about appellant's willingness to comply with the complainant's request and what kind of financial records were requested by the complainant, a show cause order was issued by the Division at a time when appellant's attorney was on vacation. In addition, when the show cause order was received, it was confused with a continuance granted in another matter involving the Division, and, as a consequence, misfiled. As a result, the time for requesting a hearing lapsed and the final order now under appeal issued. Appellant moved to set aside the final order on the basis that it had complied with the complainant's requests and explained that the failure to request a hearing was due to inadvertence and clerical error. The Division, which has no procedure for setting aside a final order, treated the motion as an informal request to reconsider its action in the case and upheld the final order.
It is well settled that agency findings must be supported by competent, substantial evidence in the record as a whole. Bureau of Crimes Compensation, Florida Dept. of Labor & Employment Security v. *1103 Reynolds, 443 So.2d 501 (Fla. 3d DCA 1984); City of Lake Wales v. Public Employees Relations Commission, 402 So.2d 1224 (Fla. 2d DCA 1981); Brewer v. Insurance Commissioner & Treasurer, 392 So.2d 593 (Fla. 1st DCA 1981). From the evidence contained in the record, we find that there is no basis for concluding that appellant wilfully refused to allow the complainant to inspect the financial records. Indeed, the record affirmatively shows otherwise. Appellant responded quickly to the complainant's initial request, opened the receipts and expenditures records (those records specifically named in § 718.111[7]) for his inspection, and was in the process of responding to the complainant's request for additional records when the Division decided to proceed against appellant for its denial of the complainant's request to inspect.[1] Therefore, we find that the Division's action in this case was not supported by competent, substantial evidence on the record as required by section 120.57, Florida Statutes (1983).
As a parenthetical, we note that the Division has no procedural rule or provision for setting aside a final order; no counterpart to Rule 1.540, Florida Rules of Civil Procedure. Chapter 28-3, Florida Administrative Code and Section 120.53, Florida Statutes (1983), give agencies the authority to enact rules of procedure and practice. While we cannot require that the Division adopt such a rule, Citizens of Florida v. Mayo, 357 So.2d 731 (Fla. 1978), we suggest that notions of due process and fundamental fairness require that a procedure for setting aside a final order be available for use in appropriate situations.
The final order of the Division of Florida Land Sales and Condominiums is
REVERSED.
NOTES
[1] At this time, the complainant was involved in litigation with appellant. Certain financial records were in the possession of the court. When the complainant demanded to see the additional records, the Division wrote to appellant on August 5, 1983 requiring it to produce the records within seven days, stating as its reason for doing so that on June 8, 1983, complainant had asked to see "all financial records not in the possession of the court." In fact, complainant's June 8th letter asked to see "all of the records authorized by § 718.111(7)." These records were given to and inspected by the complainant.