THOMPSON, Judge.
The Department of Professional Regula^ tion (DPR) has moved to dismiss this appeal, contending that appellant, William N. Taylor, failed to timely file his notice of appeal.
On June 26, 1985, after having held an evidentiary hearing, the Board of Medical Examiners filed its order which found Dr. Taylor guilty of professional misconduct, suspended his license to practice medicine, and stayed the suspension pending Dr. Taylor’s satisfactorily serving five years’ probation. The record reflects that at the conclusion of the hearing the Board of Medical Examiners stated that it agreed to impose only three years’ probation. A certified copy of the June 26 written order, signed by the chairman of the Board, was sent to Dr. Taylor at a Sarasota address, but Dr. Taylor did not receive a copy until July 13, at a Palm Harbor address. The order advised Dr. Taylor of his right to appeal within thirty days. Dr. Taylor was not represented by counsel, and on July 15 he sent a letter to the Board by certified mail which stated that the final order contained “an important error ... with regards to the length of probationary period.” After referring to the discussion of the three-year probation that occurred at the end of the hearing, the letter requested that the Board respond “by correcting the Final Order and then filing the corrected FINAL ORDER. I hope to receive this corrected FINAL ORDER and I am requesting to reserve my period of appeal until I receive it.”
Approximately three weeks later, on August 8, 1985, the Board filed an “Amended Final Order” correcting the length of the probationary period to three years and incorporating all other provisions of its original final order. It advised Dr. Taylor of his right to appeal “within thirty (30) days of the date this order is filed.” A copy was furnished to Dr. Taylor, and thereafter, on September 6, 1985, he filed a notice of appeal from the “Amended Final Order of the Board of Medical Examiners rendered August 8, 1985.”
After the appeal from the amended order was perfected and appellant’s brief had been served and filed, DPR filed, with its answer brief, the instant motion to dismiss. There is no dispute that the notice of appeal was filed within thirty days of the August 8 amended final order, but it was not filed within thirty days of the original June 26 final order.
Appellate jurisdiction may be timely invoked by filing a notice of appeal “within 30 days of rendition of the order to be reviewed.” Rule 9.110(b), Fla.R.App.P. “Rendition” is defined as “the filing of a signed, written order with the clerk of the lower tribunal.” Rule 9.020(g), Fla.R. App.P. This latter rule also provides: “Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing ... the order shall not be deemed rendered until disposition thereof.”
*500 No statute or rule authorizes the filing of a motion for rehearing which tolls the time for appealing the Board’s final agency order, nor is there any express authority by statute or rule for the agency to retain jurisdiction over its final order, once filed, so as to permit the agency to withdraw the order and change or modify it. As urged by DPR, Dr. Taylor’s appeal from final agency action was untimely because his letter of July 15, even if treated as a motion for rehearing, could not toll the time for filing a notice of appeal since it was not authorized by rule or statute and was not filed within thirty days of the June 26, 1985 order, the only final order authorized by statute to be entered by the Board of Medical Examiners.
We hold that the motion to dismiss must be granted on the authority of Systems Management Associates, Inc. v. Department of Health and Rehabilitative Services, 391 So.2d 688 (Fla. 1st DCA 1981). We recognize that this result is unduly harsh, but conclude that this court is not empowered to write, by judicial fiat, a procedure for granting the right to rehearing which tolls the time for appeal pending decision on the motion.
For the reasons stated in the dissenting opinion, however, we certify the following as a question of great public importance:
DOES AN ADMINISTRATIVE AGENCY EXERCISING ITS QUASI-JUDICIAL POWER IN A LICENSE REVOCATION PROCEEDING HAVE THE INHERENT AUTHORITY TO CHANGE OR MODIFY ITS FINAL ORDER WITHIN A REASONABLE TIME AFTER FILING IT SO THAT THE TIME FOR TAKING AN APPEAL BEGINS TO RUN FROM THE DATE OF FILING THE AMENDED ORDER?
The appeal is DISMISSED.
BARFIELD, J., concurs specially.
ZEHMER, J., dissents with written opinion.