ON MOTION TO DISMISS
PER CURIAM.
The Department of Revenue seeks to dismiss appellant’s appeal as untimely.
On January 24, 1986, the Department of Administration issued a final ruling adverse to appellant Ledford Rivers, Jr., in respect to an employee grievance he filed. The Department’s order explained the basis of the ruling and advised that it constituted final agency action. It also informed appellant that judicial review in the first or second district court of appeal could be instituted by filing notice of appeal within thirty days from the date the letter was filed in the official records of the Department of Administration. That date was certified to be January 24, 1986.
No appeal was taken from the Department’s ruling. However, in response to a discussion by Rivers with the general counsel of the Department of Administration, the Department entered a new order on February 24, 1986 “to replace our order sent to you on January 24, 1986.” Appellant filed a timely notice of appeal from the order rendered February 24, 1986. We note that no statute or rule authorizes the filing of a motion for rehearing which tolls the time for appealing a final agency order. See Taylor v. State, 493 So.2d 498 (Fla. 1st DCA 1986). Furthermore, there is no express authority by statute or rule for an administrative agency to retain jurisdiction over its final order, once filed, so as to permit the agency to withdraw the order and change or modify it. Taylor. Hence, any request by Rivers for reconsideration did not have the effect of staying the rendition of the order.
While the Department s letter of February 24, 1986, sets out detailed statements of fact and conclusions of law, it does not make any substantive change from the final agency action filed by the Department on January 24, 1986.
Accordingly, we grant the Department of Revenue’s motion to dismiss appellant’s appeal on the ground that it was untimely filed. Fla.R.App.P. 9.110(b), (c). State ex rel Florida Department of Natural Resources v. District Court of Appeal, Second District, 355 So.2d 772 (Fla.1978).
DANAHY, C.J., and SCHEB and SANDERLIN, JJ., concur.