520 So.2d 557 (1988)
William TAYLOR, Petitioner,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Respondent.
No. 69343.
Supreme Court of Florida.
February 18, 1988.
*558 Julian Clarkson and Michael L. Rosen of Holland & Knight, Tallahassee, for petitioner.
H. Reynolds Sampson and William Furlow, Tallahassee, for respondent.
OVERTON, Justice.
Petitioner, William Taylor, sought our review of Taylor v. Department of Professional Regulation, Board of Medical Examiners, 493 So.2d 498 (Fla. 1st DCA 1986), in which the district court held an administrative review was not timely filed because it was not filed within thirty days of the original final order entered by the agency, but rather was filed within thirty days of the amended final order entered by the agency. The district court certified the following question as one of great public importance:
Does an administrative agency exercising its quasi-judicial power in a license revocation proceeding have the inherent authority to change or modify its final order within a reasonable time after filing it so that the time for taking an appeal begins to run from the date of filing the amended order?
Id. at 500. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the affirmative, but emphasize that it applies only to clerical errors or inadvertent mistakes in an agency order.
The relevant facts reflect that on June 26, 1985, the Board of Medical Examiners filed a "Final Order" finding the petitioner, Dr. William Taylor, guilty of professional misconduct. The final order suspended Dr. Taylor's medical license, but stayed the suspension pending his satisfactory completion of five years' probation. The record of the hearing clearly reflects that the board had determined to impose three years' probation, rather than the five-year probationary term contained in the June final order. After receiving the order on July 13, 1985, Dr. Taylor notified the board in writing, by letter sent via certified mail on July 15, 1985, that the final order contained "an important error ... with regards to the length of the probationary period." He further wrote, "I hope to receive this corrected final order and I am requesting to reserve my period of appeal until I receive it."
On August 8, 1985, the board, in response to Taylor's letter filed an entirely new order entitled "Amended Final Order," which corrected the length of the probationary period to three years. This amended final order incorporated all the other provisions of the June final order and, in its final paragraphs, stated:
Pursuant to Section 120.59, Florida Statutes, the parties are notified that they may appeal this Final Order by filing one copy of a Notice of Appeal with the Clerk of the agency and by filing the filing fee and one copy of a Notice of Appeal with the District Court of Appeal within thirty (30) days of the date this order is filed, as provided in Chapter 120, *559 Florida Statutes, and the Florida Rules of Appellate Procedure.
DONE AND ORDERED this 8th day of August, 1985.
On September 6, 1985, Taylor filed a notice of appeal from the amended final order dated August 8, 1985. The Department of Professional Regulation filed a motion to dismiss the appeal, claiming that, since the notice of appeal was not filed within thirty days of the original June 26, 1985, final order, the district court of appeal had no jurisdiction to entertain the appeal on the merits.
The First District Court of Appeal, in a split decision, granted the motion to dismiss, relying on its decision in Systems Management Associates, Inc. v. State, Department of Health and Rehabilitative Services, 391 So.2d 688 (Fla. 1st DCA 1980). The majority opinion noted that no statute or rule authorizes the filing of a motion for rehearing which tolls the time for appealing the board's final order, nor does any express authority by statute or rule exist to authorize the agency to retain jurisdiction over its final order, once filed, so as to permit the agency to withdraw the order or change or modify it. The court found that
Dr. Taylor's appeal from final agency action was untimely because his letter of July 15, even if treated as a motion for rehearing, could not toll the time for filing a notice of appeal since it was not authorized by rule or statute and was not filed within thirty days of the June 26, 1985 order, the only final order authorized by statute to be entered by the Board of Medical Examiners.
493 So.2d at 500. The court recognized its result was "unduly harsh." Id.
Judge Zehmer dissented, believing that the "result in this case cannot be reconciled with the notions of due process and fundamental fairness underlying the statutes and rules governing administrative proceedings in this state." Id. at 501. He reasoned that, similar to the inherent powers of courts, administrative agencies may rehear and correct or modify their final orders before their jurisdiction is lost, irrespective of the fact that no express rule exists. He concluded that the board had inherent jurisdiction to correct the erroneous order previously entered by a new amended final order, and that an agency "is presumed to have acted in accordance with the law until it is shown otherwise, and its orders on appeal are presumed to be correct." Id. at 504. He distinguished the facts in Systems Management by noting that the aggrieved party in that case filed a motion for rehearing, which was denied, and no new or amended final order was ever issued by the agency.
Taylor contends his request for correction of an inadvertent mistake in the agency's original final order, because it was made prior to the expiration of the thirty-day period for filing an appeal, should be treated as an authorized and timely motion to alter or amend under rule of appellate procedure 9.020(g). He suggests that a significant difference exists between a request to modify an administrative order for the purpose of correcting a clerical error or mistake and a motion for rehearing or reconsideration, seeking to change the decision of the agency and that unquestionably the agency has the inherent power to correct clerical errors brought about by mistake and inadvertence. Taylor further maintains that the controlling consideration should not be whether the agency took the requested corrective action by entering the amended order within the thirty-day period, but rather whether this was an authorized motion under rule 9.020(g) that was filed with the agency before the time for taking the appeal had lapsed.
We agree that this case is not controlled by Systems Management, the facts of that case being clearly distinguishable, as Judge Zehmer noted. It is important to emphasize that this case does not involve a petition for rehearing or reconsideration, situations in which a party is seeking to change the administrative decision. In this instance, the aggrieved party seeks only to have the amended order correct an admitted substantive error in the original order to accurately reflect the decision of the board.
*560 Rule 9.020(g), Florida Rules of Appellate Procedure, defines "rendition" as follows:
Rendition (of an order): the filing of a signed, written order with the clerk of the lower tribunal. Where there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, to alter or amend, for judgment in accordance with prior motion for directed verdict, notwithstanding verdict, in arrest of judgment, or a challenge to the verdict, the order shall not be deemed rendered until disposition thereof.
The second sentence sets forth six distinctive motions which, if timely filed, toll the time for rendering until disposition of the motion; namely: (1) a motion for a new trial or rehearing, (2) a motion to alter or amend, (3) a motion for judgment in accordance with a prior motion for directed verdict, (4) a motion for judgment notwithstanding the verdict, (5) a motion in arrest of judgment, and (6) a motion challenging the verdict.
The proper motion to correct mistakes brought about by inadvertence or clerical error is a motion to alter or amend, not a motion for rehearing. We are not addressing, under the factual circumstances of this case, the authority of administrative agencies to rehear or reconsider their orders in the absence of a specific authorization by statute or rule. Compare Systems Management Assoc., Inc. v. State, Department of Health and Rehabilitative Services, 391 So.2d 688 (Fla. 1st DCA 1980); Gordon v. Barley, 383 So.2d 322 (Fla. 5th DCA 1980); "M" Enterprises, Inc. v. Baumgartner, 362 So.2d 282 (Fla. 1st DCA 1978). Rather, we are considering the inherent power of an agency to correct clerical errors and errors arising from mistake or inadvertence in its own orders. All parties to this proceeding agree that agencies possess the inherent power to correct these types of errors. This Court has previously established the principle that an administrative tribunal, exercising quasi-judicial powers, enjoys the inherent authority to correct its own orders which contain clerical errors and errors arising from mistake or inadvertence. See Reedy Creek Utilities Co. v. Florida Public Service Comm'n, 418 So.2d 249 (Fla. 1982); Mills v. Laris Painting Co., 125 So.2d 745 (Fla. 1960); Davis v. Combination Awning & Shutter Co., 62 So.2d 742 (Fla. 1953); see also Tall Trees Condominium Ass'n v. Division of Florida Land Sales and Condominiums, 455 So.2d 1101 (Fla. 3d DCA 1984); Vey v. Bradford Union Guidance Clinic, Inc., 399 So.2d 1137 (Fla. 1st DCA 1981); Richter v. Florida Power Corp., 366 So.2d 798 (Fla. 2d DCA 1979). We do not find that this inherent authority of an administrative agency to modify its order to accurately reflect the truth in any way adversely affects the doctrine of administrative finality, particularly when the request for correction of the error is made within thirty days of the entry of the order. Here, there is no dispute that an error has been made.
The agency in the instant case admits the August 8 amended final order now correctly reflects the decision of the board, but argues that it is a nullity and has no force and effect. It makes no sense to us that, when an administrative order does not reflect the clear intentions of the agency because of an inadvertent error or clerical mistake, the only way the error can be corrected is for the aggrieved party to file an appeal and request the reviewing body to relinquish jurisdiction to allow the agency an opportunity for its order to speak the truth. That principle only adds time and labor for representatives of the participants and the judiciary, without any benefit to the doctrine of administrative finality.
For the reasons expressed, we quash the decision of the district court and answer the question in the affirmative but emphasize it is simply for the purpose of correcting clerical errors and inadvertent mistakes, and does not allow the tolling of the time as a motion for rehearing.
It is so ordered.
EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs with an opinion in which EHRLICH, J., concurs.
McDONALD, C.J., concurs in result only.
*561 GRIMES, Justice, concurring.
I believe that the Department of Professional Regulation had the inherent authority to correct what amounted to a ministerial error within a reasonable time so long as its jurisdiction had not been ousted by the filing of an appeal. Therefore, when the board entered its amended order, Dr. Taylor had thirty days within which to appeal from that order. However, I do not believe that Dr. Taylor's letter to the department construed by the majority opinion to be a motion to alter or amend had the effect of staying the department's original order.
Florida Rule of Appellate Procedure 9.020(g) provides that rendition of an order shall be stayed until the disposition of "an authorized and timely motion for new trial or rehearing, to alter or amend, for judgment in accordance with prior motion for directed verdict, notwithstanding verdict, in arrest of judgment, or a challenge to the verdict." The majority acknowledges that a motion for rehearing of an administrative order does not toll the time for taking an appeal from that order. This is so because, unlike Florida Rule of Civil Procedure 1.530, there is no provision for a motion for rehearing to be filed in administrative proceedings. See Systems Management Associates, Inc. v. Department of Health & Rehabilitative Services, 391 So.2d 688 (Fla. 1st DCA 1980). There is also no provision for the filing of a motion to alter or amend an administrative order. Therefore, the filing of such a motion cannot have the effect of delaying the rendition of that order.
As I see it, Dr. Taylor is fortunate that the department acceded to his request and entered the amended order because otherwise his ability to appeal would have expired after thirty days from the entry of the original order.
EHRLICH, J., concurs.