PER CURIAM.
Claimant Brian Willis appeals the November 26, 2003 order of the Unemployment Appeals Commission (UAC), arguing that the UAC improperly reconsidered its June 25, 2003 order upon motion for rede-termination of the Agency for Workforce Innovation (the Agency). We agree. Section 443.151(3)(e)l., Florida ■ Statutes (2003), does not contemplate reconsideration where, as here, the Agency contends that the UAC made an error in law.
Section 443.151 provides that the Agency may reconsider its original determination, or may apply to the appeals referee, UAC, or court that rendered a final determination to issue a revised decision, within one year of the last day of the benefit year where “an error has occurred in connection therewith or whenever new evidence or information pertinent to such determination has been discovered subsequent to any previous determination or redetermi-nation.” In the instant case, the Agency did not allege or present new evidence or information.[1] Instead, the Agency alleged that the UAC erred in interpreting federal regulations concerning unemployment compensation for ex-servicemembers. Such an error does not authorize the UAC to reconsider its previous decision.
Section 443.151 does not define what type of “error” can be the basis of a rede- *536 termination. Read in isolation, the term “error” could be read to encompass error of any type, legal, factual, typographical, etc. Statutory words and phrases should not be read in isolation, however. See Thompson v. State, 695 So.2d 691, 692 (Fla.1997). Rather, “ ‘[i]t is axiomatic that all parts of a statute must be read together in order to achieve a consistent whole. Where possible, courts must give effect to all statutory provisions and construe related statutory provisions in harmony with one another.’ ” Young v. Progressive S.E. Ins. Co., 753 So.2d 80, 84 (Fla.2000) (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992)).
In reading the statute as a whole, it is apparent that the term “error” should not include errors in law. Section 443.151 not only provides for reconsideration, it also provides for an appeals process and the finality of orders of the appeals referee and the UAC. See § 443.151(4)(b), (c) & (e), Fla. Stat. (providing for an appeal first to the appeals referee within 'twenty days, then to the UAC within twenty days, and finally to a district court, within the thirty-day period provided in Fla. R.App. P. 9.110(b)); see also §§ 120.68(1), Fla. Stat. (2003) (requiring appeals from a commission to a district court to be taken from final orders unless final review would not provide an adequate remedy); Fla. R.App. P. 9.110(a)(3) & (m) (stating that the district courts have jurisdiction to judicially review administrative action as general law provides).
To read the term “errors” to encompass an error in the law would allow a party to completely ignore the appeals process and repeatedly apply for reconsideration until a determination of his or her liking prevailed. Such a reading of the term “errors” cannot stand because it would render the appeals procedure in the statute superfluous.[2] See Hechtman v. Nations Title Ins. of N.Y., 840 So.2d 993 (Fla.2003) (stating that “[i]t is an elementary principle of statutory construction that significance and effect must be given to every word, phrase, sentence, and part of the statute if possible, and words in a statute should not be construed as mere surplusage”). Therefore, the Agency’s request for and the UAC’s grant of reconsideration due to an error in law was not authorized.
Accordingly, we REVERSE the UAC’s November 26, 2003 order and REMAND to the UAC for it to reinstate its June 25, 2003 order.
BROWNING, LEWIS and POLSTON, JJ. concur.

. Thus, reconsideration based upon new evidence or information was not authorized. See Reeves v. Fla. Unemployment Appeals Comm'n, 782 So.2d 525, 526 (Fla. 1st DCA 2001) (stating that reconsideration was not authorized because the issue raised for reconsideration was the very issue the Division considered from the very beginning of the claims process).

. Allowing a party to- continuously seek reconsideration within the one-year period provided for reconsideration based upon an error of law would contravene the Legislature’s express requirement that determinations become final unless appealed within the shorter time periods provided for appeals.