PER CURIAM.
Appellant, the Department' of Revenue, appeals the Order Denying Motion for Rehearing but Granting in Part Motion to Amend Final Administrative Paternity and Support Order and the Amended Final Administrative Paternity and Support Order. Appellant argues that the administrative law judge (“ALJ”) who entered both orders lacked jurisdiction to do so given that Appellant filed a notice of appeal after filing its motion for rehearing but before the ALJ ruled on the motion. We agree and, therefore, quash both orders.
In August 2014, the ALJ entered a Final Administrative Paternity and Support Order, ordering Appellee Alejandro Jesus Ramirez to pay child support. In October 2014, Appellant filed a motion for rehearing with the Division of Administrative Hearings (“D0AH”)’ arguing that the ALJ mistakenly stated in the support order that Appellee did not appear at the hearing and that the order incorrectly stated what the ALJ found Appellee’s actual income to be. Appellant also challenged the issues of imputation of income, credit for time with the parties’ child, and retroactive child support. Later in October 2014, Appellant filed a notice of appeal as to the ALJ’s support order. On January 12, 2015, we received the record in the appeal.
On January 22, 2015, the ALJ entered the Order Denying Motion for Rehearing but Granting in Part Motion to Amend Final Administrative Paternity and Support Order. After noting that neither the statutes nor DOAH’s rules authorized the filing of motions for rehearing in the administrative context, the ALJ treated Appellant’s motion as a motion to amend the support order. The ALJ set forth in part, “Since the undersigned is in agreement that the [support order] contains errors that should be corrected, the motion sub judiee is being considered by the undersigned as a motion to amend the [support order]/’ The ALJ agreed with Appellant that the support order incorrectly stated *642 that Appellee did not appear at the final hearing and that the order reflected Ap-pellee’s .actual, rather than imputed, income. The ALJ declined to amend the support order as to the issues of whether Florida’s minimum wage should have been imputed rather than federal minimum wage, credit for time spent with the parties’ child, and retroactive child support. The ALJ entered the Amended Final Administrative Paternity and Support Order wherein he made the two corrections referred to in the order on the motion for rehearing. This appeal followed.
Appellant contends that the ALJ lacked jurisdiction to rule on the motion for rehearing given that the underlying order had been appealed. “ ‘An administrative agency has only such power as granted by the Legislature and may not expand its own jurisdiction.’” Dep’t of Revenue ex rel. Smith v. Selles, 47 So.3d 916, 918 (Fla. 1st DCA 2010) (citation omitted). Whether a lower tribunal has subject matter jurisdiction is a question of law that is reviewable de novo. Id. Lack of subject matter jurisdiction may be raised for the first time on appeal. Id. Subject matter jurisdiction ' may not be conferred upon the lower tribunal by the parties’ consent or by their acquiescence. Id.; see also Pomeranz & Landsman Corp. v. Miami Marlins Baseball Club, L.P., 143 So.3d 1182, 1183 (Fla. 4th DCA 2014) (noting that the voluntary dismissal ended the trial court’s jurisdiction and granting the petition for writ of prohibition “as the trial court is without subject matter jurisdiction over the motion [for sanctions]”).
The ALJ correctly determined that a motion for rehearing is not authorized in the context of the administrative establishment of child support obligations under section 409.2563, Florida Statutes. See, e.g., City of Palm Bay v. Palm Bay Greens, LLC, 969 So.2d 1187, 1190 (Fla. 5th DCA 2007) (“A motion for rehearing does not suspend rendition of an administrative order because rehearing is not authorized in administrative proceedings.”). Moreover, by filing a notice of appeal prior to obtaining a ruling on the motion for rehearing, Appellant abandoned its motion. Florida Rule of Appellate Procedure 9.020(i)(3) (2014) provided that if a motion for rehearing or a motion to alter or amend, among other post-judgment motions, is filed “and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions .filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal.”[1] See Johnson v. State, 154 So.3d 1184, 1185 (Fla. 4th DCA 2015) (“ ‘[A] party abandons previously filed, post-final judgment motions when he files a notice of appeal to review that very judgment.’”) (Citing In re Forfeiture of $104,591 in U.S. Currency, 589 So.2d 283, 285 (Fla.1991)).
As for the ALJ’s treatment of Appellant’s motion for rehearing as a motion to amend, the ALJ cited Taylor v. Depart *643 ment of Professional-Regulation, Board of Medical Examiners, 520 So.2d 557 (Fla.1988), as authority. In Taylor, the supreme court addressed our certified question of whether “an.administrative agency exercising its quasi-judicial power in a license revocation proceeding ha[s] the inherent authority to change or modify its final order within a reasonable time after filing it so that the time for taking an appeal begins to run from the date of filing the amended order.” Id. at 558. The supreme court answered the question in the affirmative but “emphasize[d] that it applies only to clerical errors or inadvertent mistakes in an agency order.” Id. The supreme court explained that the appellant, whose medical license was suspended, notified the Board of Medical Examiners that while its order contained a five-year probationary term, the Board had decided at the hearing on a three-year probationary term. Id. In response to the appellant’s letter, the Board filed a new order entitled “Amended Final Order,” correcting the length of probation. Id. Thereafter, the appellant filed a notice of appeal, and we granted the Department of Professional Regulation’s motion to dismiss, noting that no statute or rule authorized the filing of a motion for rehearing that tolls the time for appealing the Board’s final order and that there was no express authority by statute or rule that authorized an agency to retain jurisdiction over its final order, once filed, so as to permit the agency to withdraw the order or change or modify it. Id. at 559. In disagreeing with our decision, the supreme court set forth in part:
It is important to emphasize that this case does not involve a petition for rehearing or reconsideration, situations in which a party is seeking to change the administrative decision. In this instance, the aggrieved party seeks only to have the amended order correct an admitted substantive error in the original order to accurately reflect the decision of the board.
[[Image here]]
The proper motion to correct mistakes brought about by inadvertence or clerical error is a motion to alter or amend, not a motion for rehearing. We are not addressing, under the factual circumstances of this case, the authority of administrative agencies to rehear or reconsider their orders in the absence of a specific authorization by statute or rule.... Rather, we are considering the inherent power of an agency to correct clerical errors and errors arising from mistake or inadvertence in its own orders. All parties to this proceeding agree that agencies possess the inherent power to correct these types of errors. This Court has previously established the principle that an administrative tribunal, exercising quasi-judicial powers, enjoys the inherent authority to correct its own orders which contain clerical errors and errors arising from mistake or inadvertence. ... We do not find that this inherent authority of an administrative agency to modify its order to accurately reflect the truth in any way adversely affects the doctrine of administrative finality, particularly when the request for correction of the error is made within thirty days of the entry of the order. Here, there is no dispute that an error has been made.
Id. at 559-60.
The problem with the ALJ’s reliance upon Taylor and his correction of two errors contained in the initial support order is that Florida Rule of Appellate Procedure 9.600(a), entitled “Concurrent Jurisdiction,” provides:
*644 Only the court may grant an extension of time for any act required by these rules. Before the record is docketed, the lower tribunal shall have concurrent jurisdiction with the court to render orders on any other procedural matter relating to the cause, subject to the control of the court, provided that clerical mistakes in judgments, decrees, or other parts of the record arising from oversight or omission may be corrected by the lower tribunal on its own initiative after notice or on motion of any party before the record is docketed in the court, and, thereafter with leave of the court.
Florida Rule of Appellate Procedure 9.190(a) provides that “[jjudicial review of administrative action shall be as in civil cases except as specifically modified by this rule.” Because nothing in rule 9.190 addresses concurrent jurisdiction, rule 9.600(a) applies in this case. Thus, the ALJ lacked jurisdiction to make the two corrections given that the record in Appellant’s appeal from the initial support order was filed prior to the ALJ’s ruling and given that no leave of this Court was requested and granted. We, therefore, quash the Order Denying Motion for Rehearing but Granting in Part Motion to Amend Final Administrative Paternity and Support Order and the Amended Final Administrative Paternity and Support Order. See 14302 Marina San Pablo Place SPE, LLC v. VCP-San Pablo, Ltd., 92 So.3d 320, 320 (Fla. 1st DCA 2012) (quashing the order on appeal where the trial court lacked jurisdiction to enter the order); Wilkinson v. Clarke, 91 So.3d 897, 898 (Fla. 2d DCA 2012) (holding that the judgment was entered without jurisdiction and was, therefore, a nullity).
ORDERS QUASHED.
LEWIS and MAKAR, JJ., concur; WETHERELL, J., concurs with opinion.

. Effective January 1, 2015, rule 9.020(i)(3) was amended to provide that if an "authorized and timely motion for new trial, for rehearing, for certification, to alter or amend, for judgment in accordance with prior motion for directed verdict ...” has been filed and a "notice of appeal is filed before the filing of a signed, written order disposing of all such motions, the appeal shall be held in abeyance until the filing of a signed, written order disposing of the last such motion.” See In re Amendments to Fla. Rules of Appellate Procedure, No. SC14-227, — So.3d -, -, 2014 WL 5714099, at *2 (Fla. Nov. 6, 2014) (noting that the amendment eliminated the language that post-judgment motions are abandoned upon the filing of a notice of appeal).