IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WHS TRUCKING LLC,

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

    Appellant,

v.

CASE NO. 1D15-693

REEMPLOYMENT ASSISTANCE APPEALS COMMISSION AND MICHAEL HENRY,

    Appellees.

_____/

Opinion filed January 15, 2016.

An appeal from an order of the Reemployment Assistant Appeals Commission.

Gigi Rollini, Melanie R. Leitman, and Ellery Sedgwick of Messer Caparello, P.A., Tallahassee, for Appellant.

Frank E. Brown, Chairman; Norman A. Blessing, General Counsel; and Amanda L. Neff, Executive Senior Attorney, Tallahassee, for Appellees.

ROBERTS, C.J.,

In this appeal, the employer/appellant, WHS Trucking, LLC (WHS), argues that the appellee, the Reemployment Assistance Appeals Commission (the Commission), erred in holding a Reemployment Assistance Appeals Referee (the

Referee) had jurisdiction and legal authority to make a correction to its original decision after the decision became final. We agree that the Referee lacked jurisdiction and legal authority to enter the corrected decision and reverse.

WHS employed the claimant, Michael Henry, as a CDI-licensed, professional truck driver to haul forestry products from January 2012 to February 2014. At the time of hire, WHS's insurance company ran a driver's license check and determined that the claimant had a clean driving record. Between October 2013 and January 2014, the claimant was involved in two traffic accidents and received one speeding ticket. In February 2014, WHS discharged the claimant because it could not obtain cost-effective insurance coverage for him.

The claimant filed a timely claim for benefits with the Department of Economic Opportunity, Reemployment Assistance Program (the Department). On February 24, 2014, the Department entered a Notice of Approval that determined the claimant's discharge was for reasons other than misconduct, the claimant was entitled to benefits, and benefits paid would be charged to WHS's account.

WHS initiated an appeal, challenging the finding of no misconduct. On April 16, 2014, the Referee entered a decision (the original decision) finding WHS failed to prove the accidents were due to the claimant's misconduct. The last sentence in the conclusions of law portion of the original decision stated: "Thus, the claimant

2

will remain eligible for benefits, but the employer will not be charged." Immediately below this sentence was the decisional paragraph, which stated:

> **Decision**: The determination dated February 24, 2014, is AFFIRMED. The claimant is eligible for the receipt of benefits for the period beginning February 2, 2014.

The original decision also contained the standard language regarding appeal rights: "This decision will become final unless a written request for review or reopening is filed within 20 calendar days after [April 16, 2014]."

It is undisputed that the 20-day time period for appeals expired without action from either party. On May 13, 2014, a Notice of Benefits Paid was issued to WHS identifying a charge of $1,375 made to its account with respect to the claimant.

On May 14, 2014, in order to align the original decision with the Notice of Benefits Paid, the Referee *sua sponte* entered a proposed corrected decision, stating the original decision contained "clerical errors." The proposed corrected decision changed the finding that the employer would not be charged to, "The employer will be charged because misconduct was not established."

On June 2, 2014, WHS's attorney sent a letter directly to the Commission seeking review of the proposed corrected decision on the basis that it was entered without jurisdiction because the original decision became final and binding on the parties and the Department on May 6, 2014. The letter argued the correction made was not merely clerical, but was a prohibited, substantive change that impacted

3

WHS's substantial interest. The letter also disputed the Referee's conclusion of no misconduct.

On June 4, 2014, the Referee entered a corrected decision making the change in the proposed corrected decision. WHS again sought review of the Referee's jurisdiction and the finding of no misconduct with the Commission.

The Commission entered an order upholding the Referee's actions in both regards. The Commission agreed that a referee would typically be without jurisdiction to rehear a case after expiration of the 20-day appeal period; however, it concluded that a referee could still make corrections so long as the corrections were clerical and not substantive corrections that would affect a party's substantial interests. The Commission held, in correcting WHS's chargeability in the conclusions of law to render it consistent with the affirmance in the decisional paragraph, the Referee only remedied a clerical inconsistency. Because the Referee did not modify the substantive outcome of the case in the decisional paragraph, the Referee acted within the scope of Florida Administrative Code Rule 73B-20.026(1) to clarify the actual effect of the Referee's ruling and preserve WHS's right to file a timely appeal. The Commission also upheld the Referee's finding of no misconduct because there was not sufficient evidence to infer the degree of negligence or conscious disregard to justify disqualification. WHS sought review of the Commission's order in this Court.

We review the underlying interpretations and applications of the law *de novo*. See <u>Arbor Tree Mgmt., Inc. v. Fla. Unemployment Appeals Comm'n</u>, 69 So. 3d 376, 381 (Fla. 1st DCA 2011) (citing <u>Chapman v. Unemployment Appeals Comm'n</u>, 15 So. 3d 716, 721 (Fla. 1st DCA 2009)). This Court generally gives deference to an agency's interpretation and application of its laws. See <u>Chapman</u>, 15 So. 3d at 721 (finding the *de novo* standard of review applied to review the appeals referee's and Commission's application of the law to the facts, but recognizing that the Commission's interpretation of its statutes was entitled to great weight and would not be overturned unless it was clearly erroneous).

Florida agencies are creatures of statute and only have the authority and jurisdiction conferred by statutes. See <u>Fiat Motors of N. Am., Inc. v. Calvin</u>, 356 So. 2d 908, 909 (Fla. 1st DCA 1978). Section 443.151(4)(b)6., Florida Statutes (2013), provides that a referee's decision is final unless an appeal is initiated with 20 days after the date of mailing or delivery of the notice of the decision. After expiration of the 20-day appeals period, the Department loses jurisdiction, and the case may not be reviewed or revisited by the Commission. See Fla. Admin. Code R. 73B-22.006; <u>Molina v. Home Depot USA, Inc.</u>, 941 So. 2d 460, 461 (Fla. 3d DCA 2006) (stating the same principles under a previous version of the rule).

Here, it is undisputed that the proposed corrected decision issued after the 20-day time period expired. Under the plain language of section 443.151(4)(b)6., the

5

original decision was already final at this time, and the Referee was divested of jurisdiction to make the correction. We are not persuaded by the Commission's reliance on Taylor v. Department of Professional Regulation, Board of Medical Examiners, 520 So. 2d 557 (Fla. 1988), which we find distinguishable from the instant case. While Taylor recognized an agency's inherent authority to correct clerical errors and errors arising from mistake or inadvertence in order to align the order with the intention of the agency, the Court also specifically recognized that upholding the agency's inherent authority in the case did not affect the doctrine of administrative finality and that inherent authority was not applied in a manner that would result in prejudice to a party. Id. at 560. In contrast here, expanding the agency's jurisdiction to allow the correction prejudiced WHS. See also Dep't of Rev. v. Vanamburg, 174 So. 3d 640 (Fla. 1st DCA 2015). While there may be some exceptions to a strict application of the 20-day time limit, the instant case provides no such exception where the Referee's purported "clerical" correction actually affected WHS's substantial interests.

We decline to adopt the dissent's assertion that section 443.151(3)(e), Florida Statutes (2013), provided the authority for the Appeals Referee to issue the proposed and corrected opinions. First, neither the Commission nor the Department relied on section 443.151(3)(e) as authority to act and made no arguments relating to section 443.151(3)(e) in the briefs or at oral argument. While we could issue a Tipsy

6

Coachman affirmance, we nonetheless find section 443.151(3)(e) inapplicable to the instant case. Section 443.151(3)(e), entitled "Redeterminations," provides the Department the authority to reconsider a determination up to one year after the last day of a benefit year "if it finds an error or if new evidence or information" is discovered. Reading section 443.151 as a whole in conjunction with the decisions applying subsection (3)(e) leads us to conclude that the Redeterminations provision was meant to apply to the determination itself or a subsequent proliferation of error arising out of an error in the determination process. We do not believe that section 443.151(3)(e) was meant to apply to the facts of the instant case where the error originated in the appeals decision, which section 443.151(4)(b)6. mandates is final after the expiration of the 20-day time period.

Here, the Commission takes the position that after the expiration of the 20-day time period, the Referee still had the authority to make the correction because it did not affect WHS's substantial interests. In so arguing, the Commission relies on Florida Administrative Code Rule 73B-20.026(1), which provides:

> (1) At any time prior to the filing of an appeal, the appeals referee may issue a corrected decision to eliminate any clerical errors contained therein, but the referee shall not make any changes which affect the substantial interest of any party.

The Commission interprets the phrase, "At any time prior to the filing of an appeal," to impose a functional, not temporal, limit on the Referee's ability to issue a

7

corrected decision. We disagree with the Commission that the limit is functional rather than temporal. Section 443.151(4)(b)6. clearly provides that a decision becomes final after 20 days, and where an appeal is not filed, the decision is final upon the expiration of the 20-day period.[1] The agency's jurisdiction is terminated at this time.

We further disagree with the Commission that the correction here was clerical and not substantive. The Commission argues that because a referee may only affirm, reverse, or modify a determination of benefits under section 443.151(4)(b)2., Florida Statutes (2013), the sentence in the original decision that non-charged the employer was obviously a clerical error. We disagree with this argument as the Referee's actions could be construed as a modification. The Commission cites Florida Administrative Code Rule 73B-20.025(3) to argue that the ultimate ruling in the case, affirmance, was confined to the decisional paragraph of the original decision. At oral argument, the Chairman of the Commission cited numerous policy documents to support its characterization of the decisional paragraph as preeminent

---

[1] We are also persuaded by WHS's argument that, notwithstanding the ability to enter the proposed corrected decision, the Referee was certainly without jurisdiction to issue the corrected decision after WHS had already initiated an appeal of the proposed corrected decision in its June 2 letter to the Commission. We are not persuaded by the Commission's attempt to style WHS's June 2 letter as a premature appeal where the letter provided the arguments that were ultimately considered by the Commission on appeal and the Commission's own Notice of Docket stated that the appeal was initiated on June 2.

and providing the ultimate ruling in the case. While we accept that the Commission may internally regard the decisional paragraph as the ultimate ruling in the case, the Chairman admitted at oral argument that nothing in rule 73B-20.025(3) specifically elevates the decisional paragraph over any other portion of the decision. Furthermore, accepting the Commission's position would essentially render the rest of the decision meaningless despite the fact that the correction here was made to the only sentence in the entire decision that spoke to the chargeability of WHS. It is clear to us that changing WHS's chargeability from non-charged to charged affected its substantial interests. While the intent of the Referee may have been to remove any perceived internal inconsistencies, after the expiration of the 20-day time period for appeals, the Referee lacked the jurisdiction and legal authority to do so. We agree with WHS that there must be some expectation of finality for the parties to rely on, and under the Commission's position, no decision would ever truly be final. We reverse the Commission's order, quash the Referee's proposed corrected decision and corrected decision, and reinstate the original decision.

REVERSED.

BENTON, J. CONCURS. KELSEY, J. CONCURS IN PART AND DISSENTS IN PART WITH OPINION.

9

KELSEY, J., concurring in part and dissenting in part.

I agree with the majority's conclusion that the employee was correctly found not guilty of misconduct. However, I respectfully dissent with respect to the authority to issue a corrected decision, because I conclude that the Commission has the legal authority to correct errors in decisions, including internal inconsistencies as was the case here. At all three levels of review – before the Department, Referee, and Commission – the end result was always that the former employee was not guilty of misconduct and would receive benefits, and the employer would be charged. It was only the Referee's initial order, subsequently corrected, that both <u>affirmed</u> the Department's decision that the employer would be charged, and mistakenly stated that the employer would <u>not</u> be charged -- an internal inconsistency. In light of the error and its subsequent correction, the employer was never validly adjudicated to have the substantive right to be relieved of its obligation to be charged for the former employee's benefits, and therefore was not prejudiced when the mistake was corrected. Thus, the corrected order was authorized under Florida Administrative Code Rule 73B-20.026(1).

The Commission also has the authority to correct such an error under <u>Taylor v. Department of Professional Regulation, Board of Medical Examiners</u>, 520 So. 2d 557 (Fla. 1988). In pertinent part, the <u>Taylor</u> Court noted as follows:

> We are not addressing, under the factual circumstances of this case, the authority of administrative agencies to rehear or reconsider their orders in the absence of a specific authorization by statute or rule. ... Rather, we are considering the inherent power of an agency to correct clerical errors and errors arising from mistake or inadvertence in its own orders. All parties to this proceeding agree that agencies possess the inherent power to correct these types of errors. This Court has previously established the principle that an administrative tribunal, exercising quasi-judicial powers, enjoys the inherent authority to correct its own orders which contain clerical errors and errors arising from mistake or inadvertence.

<u>Taylor</u>, 520 So. 2d at 560 (citations omitted). This Court has applied the principle of <u>Taylor</u> in the unemployment context to confirm "the inherent power of an administrative tribunal to correct its own errors in its orders." <u>Johnston v. Florida Unemployment Appeals Com'n, Agency for Workforce Innovation</u>, 71 So. 3d 230 (Fla. 1st DCA 2011) (citing <u>Johnson v. Terry Hunt Constr. Co.</u>, 878 So. 2d 1282 (Fla. 1st DCA 2004), which made the same point based on <u>Taylor</u> in the workers' compensation context).

Finally, it appears that the redetermination statute, section 443.151(3)(e) of the Florida Statutes (2013), allows the Commission to correct errors for up to a year. This section provides that "The department may reconsider a determination if it finds an error or if new evidence or information pertinent to the determination is

11

discovered after a prior determination or redetermination. A redetermination may not be made more than 1 year after the last day of the benefit year ... ." § 443.151(3)(e), Fla. Stat. (2013). This Court held in <u>Willis v. Florida Unemployment Appeals Commission</u>, 890 So. 2d 535, 535-36 (Fla. 1st DCA 2005), that "Section 443.151 provides that the Agency may reconsider its original determination, or may apply to the appeals referee, UAC, or court that rendered a final determination to issue a revised decision, within one year of the last day of the benefit year where 'an error has occurred in connection therewith ... ." Although the <u>Willis</u> Court rejected use of the reconsideration process for issues of law, the analysis is different when it involves errors of fact or typographical errors and, by reasonable analogy, internal inconsistencies in an order such as here. They can and should be subject to correction. <u>See also</u> <u>Blaser v. Unemployment Appeals Com'n</u>, 687 So. 2d 337, 338 (Fla. 4th DCA 1997) (holding that the redetermination statute in section 443.151(3) required remand – after the appeal time had passed but before the passage of one year -- to reconsider a benefits determination due to division error).

The Commission has relied on this statute in at least one case to authorize the correction of errors such as this up to a year after the last benefit week:

> The Commission finds the delay in the issuance of the separation determination until August 12, 2013 both unfortunate and regrettable – but it is constrained by the plain wording of the statute regarding the power given by the Legislature to the Department to adjudicate

12

necessary issues within a certain time frame. Presumably the legislature gave this power to the Department because it realized that given the extreme volume of claims that come before the Department for processing during the course of any given year, mistakes will be made, and will have to be corrected.

RAAC Order No. 13-08356 (Feb. 20, 2014). So too here, a mistake was made. The Referee affirmed an order holding that the employer would be charged, but mistakenly also inserted a "not" within the same order. The internal inconsistency was the type of error that the Commission had the legal authority to correct. Accordingly, I would affirm.

13