KELSEY, J.,
concurring in part and dissenting in part.
I agree with the' majority’s conclusion that the employee was correctly found not guilty of misconduct. However, I respectfully dissent with respect to the authority to issue a corrected decision, because I conclude that the Commission has the legal authority to correct errors in decisions, including internal inconsistencies as was the case here. At all three levels of review — before the Department, Referee, and Commission — the end result was always that the former employee was not guilty of misconduct and would receive benefits, and the employer would be charged. It was only the Referee’s initial order, subsequently corrected, that both affirmed the Department’s decision that the employer would be charged, and mistakenly stated that the employer would not be charged — an internal inconsistency. In light of the error and its subsequent correction, the employer was never validly adjudicated to have the substantive right to be relieved of its obligation to be charged for the former employee’s benefits, and therefore was not prejudiced when the mistake was corrected. Thus, the corrected order was authorized under Florida Administrative Code Rule 73B-20.026(1).
The Commission also has the authority to correct such an error under Taylor v. Department of Professional Regulation, Board of Medical Examiners, 520 So.2d *465 557 (Fla.1988). In pertinent part, the Taylor Court noted as follows:
We are not addressing, under the factual circumstances of this case, the authority of administrative agencies to rehear or reconsider their orders in the absence of a specific authorization by statute or rule. ... Rather, we are considering the inherent power of an agency to correct clerical errors and errors arising from mistake or inadvertence in its own orders. All parties to this proceeding agree that agencies possess the inherent power to correct these types of errors. This Court has previously established the principle that an administrative tribunal, exercising quasi-judicial powers, enjoys the inherent authority to correct its own orders which contain clerical errors and errors arising from mistake or inadvertence.
Taylor, 520 So.2d at 560 (citations omitted). This Court has applied the principle of Taylor in the unemployment context to confirm “the inherent power of an administrative tribunal to correct its own errors in its orders.” Johnston v. Florida Unemployment Appeals Com’n, Agency for Workforce Innovation, 71 So.3d 230 (Fla. 1st DCA 2011) (citing Johnson v. Terry Hunt Constr. Co., 878 So.2d 1282 (Fla. 1st DCA 2004), which made the same point based on Taylor in the workers’ compensation context).
Finally, it appears that the redetermination statute, section 443.151(3)(e) of the Florida Statutes (2013), allows the Commission to correct errors for up to a year. This section provides that “The department may reconsider a determination if it finds an error or if new evidence or information pertinent to the determination is discovered after a prior determination or redetermination. A redetermination may not be made more than 1 year after the last day of the benefit year —” § 443.151(3)(e), Fla. Stat. (2013). This Court held in Willis v. Florida Unemployment Appeals Commission, 890 So.2d 535, 535-36 (Fla. 1st DCA 2005), that “Section 443.151 provides that the Agency may reconsider its original determination, or may apply to the appeals referee, UAC, or court that rendered a final determination to issue a revised decision, within one year of the last day of the benefit year where ‘an error has occurred in connection therewith ....”’ Although the Willis Court rejected use of the reconsideration process for issues of law, the analysis is different when it involves errors of fact or typographical errors and, by reasonable analogy, internal inconsistencies in an order such as here. They can and should be subject to correction. See also Blaser v. Unemployment Appeals Com’n, 687 So.2d 337, 338 (Fla. 4th DCA 1997) (holding that the redetermination statute in section 443.151(3) required remand — after the ap- ■ peal time had passed but before the passage of one year — to reconsider a benefits determination due to division error).
The Commission has relied on this statute in at least one case to authorize the correction of errors such as this up to a year after the last benefit week:
The Commission finds the delay in the issuance of the separation determination until August 12, 2013 both unfortunate and regrettable — but it is constrained by the plain wording of the statute regarding the power given by the Legislature to the Department to adjudicate necessary issues within a certain time frame. Presumably the legislature gave this power to the Department because it realized that given the extreme volume of claims that come before the Department for processing during the course of any given year; mistakes will be made, and will have to be corrected.
*466 RAAC Older No. 13-08356 (Peb. 20, 2014). So too here, a mistake was made. The Referee .affirmed an order holding that the employer would be charged, but mistakenly also inserted a “not” within the same order. The internal inconsistency was the type of error that the Commission had the legal authority to correct. Accordingly, I would affirm.