# Third District Court of Appeal

## State of Florida

Opinion filed June 19, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0141
Lower Tribunal Nos. 2001904976, 13230020231FC
_____

**Jovens Bob Angilot,**
Appellant,

vs.

**State of Florida, Department of Revenue,
Child Support Program, et al.,**
Appellees.

An Appeal from the State of Florida, Department of Revenue, Child Support Program.

Jovens Bob Angilot, in proper person.

Ashley Moody, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General (Tallahassee), for appellee Department of Revenue.

Before LOGUE, C.J., and MILLER and GORDO, JJ.

GORDO, J.

Jovens Bob Angilot (the "Father") appeals a final administrative support order entered by the Department of Revenue, Child Support Program (the "Department"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(C), 9.110(a)(2). Finding no error in the Department's determination of support, we affirm.

We review an administrative child support order for competent substantial evidence supporting the agency's findings of fact. See City of Lake Wales v. Pub. Emps. Rels. Comm'n, 402 So. 2d 1224, 1225 (Fla. 2d DCA 1981); see also § 120.68(10), Fla. Stat. The Father argues his income was incorrectly determined.[1] The Father failed to participate in the administrative proceedings, failed to provide any information or request a hearing, and has therefore waived the arguments he now makes on appeal for the first time. See Standard v. State, Dep't of Revenue, Child Support Enf't Program, 249 So. 3d 798, 798-99 (Fla. 1st DCA 2018) ("Because Appellant failed to participate in the administrative proceedings by returning the forms for financial information supplied him by the Department and failed

_____

[1] Because the Father did not participate in the proceedings below, visitation and time-sharing were not considered. If the Father now has a visitation agreement with the child's mother, his remedy is to seek a modification through the Department of Revenue as set forth in section 409.2563(12), Florida Statutes, or he may seek a superseding order in the circuit court pursuant to section 409.2563(10)(c), Florida Statutes.

to request an administrative hearing after notice of his right to do so and the consequences for failing to do so, Appellant has not preserved any issue for this Court's appellate review.  By waiving his right to a hearing, Appellant waived his ability to challenge the sufficiency of the evidence to support the Department's determination of his child support obligations.").

Affirmed.