# Third District Court of Appeal

## State of Florida

Opinion filed August 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0265
Lower Tribunal Nos. 2001861727, 13230015914FC

_____


**Addiel Chavez,**
Appellant,

vs.

**Department of Revenue, Child Support Program, and
Mileidys Osoria Dumet,**
Appellees.


An Appeal from the State of Florida, Department of Revenue, Child Support Program.

Addiel Chavez Cera, in proper person.

Ashley Moody, Attorney General and Sarah C. Prieto, Assistant Attorney General (Fort Lauderdale), for appellee Department of Revenue.


Before FERNANDEZ, GORDO and GOODEN, JJ.

GORDO, J.

Addiel Chavez (the "Father") appeals a final administrative support order entered by the Department of Revenue, Child Support Program (the "Department"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(C), 9.110(a)(2). Finding no error in the Department's determination of support, we affirm.

We review an administrative child support order for competent substantial evidence supporting the agency's findings of fact. See City of Lake Wales v. Pub. Emps. Rels. Comm'n, 402 So. 2d 1224, 1225 (Fla. 2d DCA 1981); see also § 120.68(10), Fla. Stat.

The Father seeks judicial review of the final administrative support order, arguing that support was incorrectly calculated. Although the Father provided his financial information to the Department, he did not request an administrative hearing and therefore failed to fully participate in the proceedings below. By waiving his right to a hearing, the Father waived his ability to challenge the sufficiency of the evidence to support the Department's determination of his child support obligations. See Richards v. Dep't of Revenue Child Support Program, 306 So. 3d 220, 221 (Fla. 3d DCA 2020) ("By waiving his right to a hearing, Appellant waived his ability to challenge the sufficiency of the evidence supporting the Department's determination of his child support obligations."); Feliciano v. Dep't of

Revenue, Child Support Enf't, 305 So. 3d 801, 803 (Fla. 4th DCA 2020) ("[A]lthough Appellant provided his financial information, he did not request an administrative hearing and therefore failed to fully participate in the proceedings below . . . Appellant has failed to properly preserve his arguments for appeal. We note that the lack of a hearing and the resulting absence of a transcript provides this Court with little basis to conclude that the Department's final order is not supported by the evidence. Appellant's arguments on appeal are arguments that should have been presented and analyzed at a hearing."); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error . . . When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory.").

Affirmed.