DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EMANCE CHARITE ANTOINE,**
Appellant,

v.

**DEPARTMENT OF REVENUE,**
o/b/o CASSANDRA MENTOR**,**
Appellee.

No. 4D2024-0360

[April 30, 2025]

Appeal from State of Florida, Department of Revenue; L.T. Case No. 23-000292CS.

Kristen Goss and Aaron Humphrey of KWG Family Legal and Mediation Services, LLC, Boca Raton (withdrawn as counsel after filing brief), for appellant.

James Uthmeier, Attorney General, Tallahassee, and Sarah C. Prieto, Assistant Attorney General, Fort Lauderdale, for appellee.

WARNER, J.

A father appeals an administrative order of the Department of Revenue ("Department"), which establishes paternity and requires him to pay child support. He contends that the Department's summaries of his income on which the Administrative Law Judge ("ALJ") relied to set his child support had substantial errors. We agree and reverse for a recalculation of his child support obligation.

The Department opened a proceeding to determine paternity and child support against the father. The established paternity of the father has not been appealed.

At the final hearing, the Department offered into evidence multiple exhibits based on its third-party subpoenas to banking institutions holding accounts of the father's companies, Emance International Corporation and Gold Pedal Automotive. The exhibits included deposit slips and copies of checks deposited to the accounts. From these records,

the Department prepared summaries showing the date of each deposit and the amount. The ALJ admitted all the exhibits without objection. The Department asked the father whether he had reviewed them. He stated that he had and claimed that the accounts were his father's accounts, not his. He also maintained that the summaries were not correct. He repeated, "those numbers are totally off, you know. Those numbers are not my income."

The Department's attorney responded that the summaries were based on the total of all the deposit slips sent by the bank, explaining that for both businesses, for each of the years, 2021, 2022, 2023, counsel had created the summaries using the deposit slips and not the bank statements that had also been received by the Department and admitted into evidence. The Department's attorney then advised the ALJ of the average deposits based on the deposit slips. When the ALJ inquired as to the current monthly average (i.e., for the year 2024), the Department's attorney replied that the current monthly average would be $4,722. The father then was given the opportunity to give a statement, and he testified that the accounts and transactions were not his income, as he was unemployed.

Before ruling, the ALJ asked the Department for direct evidence that the corporations from which the bank accounts had been introduced were those of the father and not the grandfather. Without objection, the Department provided evidence from each bank account showing the accounts to be the father's accounts. Thereafter, the ALJ attributed the amounts in all the accounts to the father and determined that child support would be calculated on a current monthly income to him of $4,722. For purposes of retroactive support, the court calculated the father's prior, average monthly income as being $3,636.

Based on the testimony from the mother as to the father's businesses as well as the Department's summaries of the account deposits, the ALJ established the father's retroactive obligation as $58,330. The order required the father to remit monthly payments of $1,577.00 for current child support and monthly payments of $73 towards repayment of his retroactive child support obligation, for a total monthly child support obligation of $1,650. The father appeals this ruling.

An administrative order is reviewed to determine whether competent substantial evidence supports the agency's findings of fact. *City of Lake Wales v. Pub. Emps. Rels. Comm'n*, 402 So. 2d 1224, 1225 (Fla. 2d DCA 1981); *see also Legal Env't Assistance Found. v. Clark*, 668 So. 2d 982, 987 (Fla. 1996).

The father makes two arguments on appeal. First, he claims that the ALJ erred in attributing deposits in business checking accounts to him as income, because business income should be calculated as gross receipts minus ordinary and necessary expenses. *See* § 61.30(2)(a)3., Fla. Stat. (2023). This claim is not preserved, as the father never argued this before the trial court. Accordingly, this first issue is waived. *See Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) ("Generally, if a claim is not raised in the trial court, it will not be considered on appeal.").

Second, the father claims that the summary of account deposits prepared by the Department, and relied on by the ALJ, is erroneous on its face. While the Department contends that this issue is also unpreserved, the father, acting pro se, did advise the court that the "numbers" were incorrect. We conclude that this issue is preserved.

In his initial brief, the father showed how the deposit summaries had multiple duplicate entries. The Department did not respond to these claims, other than to say that the summaries corresponded to the deposit slips. We have examined the summaries and the bank statements with the corresponding deposit slips and conclude that the father is correct about duplicate entries. The following chart shows the yearly totals on the Department's summary, the duplicate payments, and the total by subtracting the duplicates.

1) Emance International Corporation.[1]

| Year | Department's Totals | Errors | Accurate Totals |
|------|---------------------|--------|-----------------|
| 2021 | $22,860.55 | $6,744.70 | $16,115.85 |
| 2022 | $23,361.22 | $7,932.08 | $15,429.14 |
| 2023 | $23,535.11 | $8,200.00 | $15,335.11 |

---

[1] For Emance International Corporation, the bank statements show that the Department's summary have multiple entries for a single deposit on the following dates in 2021: 2/16/21, 5/17/21, 7/13/21, 7/28/21, 8/17/21, 9/10/21, 9/17/21, 12/7/21, and 12/29/21. The Department's summaries for 2022 and 2023 have more than one entry for a deposit as well, specifically 1/13/22, 1/21/22, 3/7/22, 3/15/22, 4/15/22, 2/21/23, and 2/27/23.

2) Gold Pedal Automotive.[2]

| Year | Department's Totals | Errors | Accurate Totals |
|------|---------------------|--------|-----------------|
| 2022 | $33,870.00 | 0 | $33,870.00 |
| 2023 | $18,966.10 | $6,083.05 | $12,883.05 |

These errors in the total of income would significantly affect the average monthly income both for the establishment of retroactive child support as well as current child support. Thus, no competent substantial evidence supports either child support award.

Because of the errors apparent on the face of the record in the Department's summary, we reverse and remand for the ALJ to recalculate the income attributed to the father and then recalculate the father's obligations based upon accurate amounts.

*Reversed and remanded for proceedings consistent with this opinion.*

CONNER and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

---

[2] For Gold Pedal Automotive, the bank statements also show the Department's summary for 2023 with duplicated deposits on 5/10/23, 5/17/23, 5/24/23, and 7/17/23.